### WIRE TIE MACHINERY CO. et al. v. PACIFIC BOX CORPORATION et al.
### No. 8405.

Circuit Court of Appeals, Ninth Circuit.
Oct. 6, 1939.

---

For former opinion, see 102 F.2d 543.

Chas. M. Fryer, Alfred C. Aurich, and A. W. Boyken, all of San Francisco, Cal., for appellant.

Charles E. Townsend and Roy C. Hackley, Jr., both of San Francisco, Cal., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

A rehearing was granted to appellants on the question of whether the plaintiff- appellants' patent '259 is a "paper patent" and hence limited to the narrowest possible construction; and whether defendants' device infringes said '259 patent.[1]

Upon a reconsideration of the case, we conclude that plaintiffs' '259 patent is entitled to a reasonable range of equivalents. We come to this conclusion because the plaintiffs' '260 machine, which was unquestionably manufactured and therefore not a "paper patent" utilized oscillating principles involved in the '259 patent.

It is therefore necessary to reconsider our decision that the '259 patent was not infringed.

Appellant here contends that our construction of the claims of the '259 patent in fact constituted "a shrinkage, and amounted, in effect, to a rewording of the claims by the insertion of the term 'oscillating arm' whereas no such limitation appears in any claim in suit." The argument seems to be that the claims of '259 were broad enough to cover any means of encircling a tensioned binding wire about an object to be bound and tied, and means for securing the wire in a substantially flat joint.

We cannot assent to such a broad construction of the claims, but instead adhere to our reasoning in our main opinion whereby we held certain claims of '259 valid. We there said, in order to hold the claims valid, that the patentee is entitled to have the claims of his patent construed with reference to the drawings and specifications. Appellant cannot be permitted to construe his claims with reference to his drawings and specifications in order to escape invalidity, and then in the next breath seek to disregard the drawings and specifications in order to spell infringement.

We quote from our decision in the case of Henry v. City of Los Angeles, 255 F. 769, 780, 9 Cir., 1919, "If, in sustaining the conclusion of the lower court, our construction of the claims of the patent, * * * seems narrower, the position taken is, we think, in accord with the long-established rule of the Supreme and other federal courts, which limit the scope of every patent to the invention described in the claims in it, read in the light of the specifications."

We therefore hold that the claims of '259 are limited to a machine utilizing a

---

[1] Our original opinion is reported in 9 Cir., 102 F.2d 543.

**56**

revolving arm, or its mechanical equivalents, for the purpose of carrying the wire around the bundle to be tied.

In our main opinion we quoted from the Union Paper Bag Machinery Co. v. Merrick Murphy, 97 U.S. 120, 125, 24 L. Ed. 935, 936, laying the test of what constitutes a mechanical equivalent. From that quotation it is seen that if the two devices do the same work in substantially the same way, and accomplish substantially the same result, they are equivalents.

The trial court found that the defendants' machine operated on a different principle from the '259 machine. That finding is to be accorded great weight, and our consideration of the question leads us to the same conclusion. We therefore hold that the ring gear of defendants' device is not the mechanical equivalent of the revolving arm of the '259 patent.

The decision of. the District Court to the effect that the claims in suit of '259 are not infringed, is reaffirmed.