## GENERAL MOTORS CORPORATION v. LEISHMAN.

### Civ. No. 5781–M.

United States District Court
S. D. California, Central Division.
July 29, 1949.

188

Lyon & Lyon, Los Angeles, Cal., for plaintiff.

John Flam, Los Angeles, Cal., for defendant.

McCORMICK, Chief Judge.

This action is for a declaratory judgment. The relief the plaintiff seeks is a judicial determination that certain radio tuning devices manufactured and sold by plaintiff do not infringe Claims 7 to 11, inclusive, of United States Reissue Letters Patent No. 20,827 applied for by defendant May 23, 1938, and granted to him August 16, 1938, and also that such patent claims are invalid. Issue was joined by defendant's answer and his counterclaim whereby

he denied the allegations of plaintiff's complaint and affirmatively alleged validity of the patent claims in suit and charged infringement thereof by certain radio tuning devices admittedly made and sold by the plaintiff corporation.

This cause was tried on the merits upon a transfer from another division of this court. It has been ably and exhaustively briefed; the final brief having been filed by defendant on April 16, 1949. Decision has been deferred until the Supreme Court acted upon a petition for certiorari to review a decision of the Court of Appeals of the Tenth Circuit which had invalidated the claims of the patent that are in issue before us. On April 18, 1949, the Supreme Court refused to review the Tenth Circuit decision by denying the petition for certiorari. 336 U.S. 952, 69 S.Ct. 882. Thus the questioned claims involved in this action have been held by a federal appellate court of superior authority to ours to involve no invention, and while the decision of the appellate court in the Tenth Circuit, Richards & Conover Co. v. Leishman, 172 F.2d 365, does not operate to control us in this action, our own Court of Appeals having never specifically invalidated the patent claims in issue, we think, however, that the appellate decision in the Tenth Circuit having been based upon substantially the same record as made herein, we should and do consider such decision as highly persuasive and as weakening any presumption of validity to the claims in suit that would otherwise attach to the Leishman Reissue Patent by reason of its issuance. This, we think, is manifestly the correct position for us to take in the light of the unanimous confirmatory decision of the Tenth Circuit Court of Appeals on rehearing as shown in the reported decision whereby it again rejected the contention that invention is found in the patent claims in controversy.

The purposes, specifications and questioned claims of the Reissue Patent No. 20,827 and of the earlier Letters Patent No. 2,108,538 from which it originated. have been so adequately detailed and stated in the opinion of our Court of Appeals in Leishman v. Associated Wholesale Elec-

tric Co., 137 F.2d 722, that we consider repetition here unnecessary.

While, as we have earlier in this memorandum observed, that our Court of Appeals has not definitely adjudicated the issue of patent validity of the claims in action before us, there are rather significant expressions in the opinion of Judge Mathews, writing for the court in Leishman v. Associated Wholesale Electric Co., supra, that induce at least a surmise that our own Appellate Court had its misgivings as to any inventive qualities in the claims of the patent in suit that are again before this court for consideration and decision.

After quoting from the original patent, of which the one in suit is a reissue, and the several claims of the original patent (No. 2,108,538) granted February 15, 1938, the court said:

"Thus the specification of the original patent disclosed a combination comprising rockers, tappets and levers, the tappets and levers constituting what the specification calls a lever assembly; and the claims of the original patent are for combinations each of which includes a lever or levers. No leverless combination is disclosed or claimed in the original patent, nor does it appear from the face thereof that any leverless combination was intended to have been covered or secured thereby.

"As stated before, the specification, the drawing and the claims of the original patent were incorporated, without change, in the reissue patent. Claims 7–11 of the reissue patent are new."

The claims here in suit are then quoted in Judge Mathews' opinion, who then for the court states:

"These claims, it will be observed, are for combinations each of which includes a rocker. Whether the combinations include tappets and levers is not clear. If they do not include levers, the claims are not for the same invention as the original patent and hence are invalid. If they do include levers, the claims are not infringed, for the accused device contains no lever."

It is not, in the light of such language, unjustifiable to infer that the court doubted the existence of invention in the provisions of the reissue patent with which we are concerned in this case.

But we are by no means left in doubt as far as decisional pronouncements of Federal courts in the Ninth Circuit are concerned as to whether the patent claims under scrutiny in light of earlier patents and the state of the applicable art should be viewed as inventive concepts.

In another division of this court and under a record not substantially unlike the one before us, Judge Harrison, in an exhaustive, analytical and reasoned written opinion, has held the same claims of the patent in suit here in controversy to be invalid. Leishman v. Associated Wholesale Electric Company, D.C., 36 F.Supp. 804.

If we are to accept the views of our Court of Appeals as written in the opinion on the appeal from Judge Harrison's decision in the so-called Wholesale Electric Company appeal, supra, as we should and do, we find that considering solely the verbiage of the patent under consideration and its precursors, it is obvious that no leverless combination is disclosed or claimed, and if we should broaden the claims as argued by the defendant upon an assumed application here of the principle of a noted decision of the Supreme Court in Eibel Process Company v. Minnesota & Ontario Paper Company, 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523, we would run counter to the rationale and controlling effect of the two decisions of our Court of Appeals in which the patent in suit was involved. This we are not willing to do under the record before us. See Leishman v. Associated Wholesale Electric Co., supra, and Leishman v. Radio Condenser Co., 9 Cir., 167 F.2d 890, decided May 4, 1948.

We understand defendant to contend that our Court of Appeals would not have narrowed the scope of the Leishman patent in the two appeals from this court in the Associated Wholesale Electric Co. and Radio Condenser Co. cases had it known that plungers and levers had been recognized and used in radio tuners as equivalents. Such contention is groundless

because there was before the court in the Associated Wholesale Electric Co. appeal knowledge of several combination instrumentalities such as the patents to Bast, No. 1,687,420; Faas, No. 1,928,200, and Marvin, No. 1,704,754, which were cited by the Patent Office in the Crosley patent application, the file wrapper therein having been in evidence in the Associated Wholesale Electric Co. case before Judge Harrison. Everyone involved in the two cases was apprised that levers and plungers had been used in the prior art. What the Court of Appeals held in this connection was that the reissue claims involved in the litigation in the appeals are invalid unless they include levers as did the combination of the original patent, and that in the Leishman patented combination plungers and levers are not equivalents. It is clear that to satisfy the requirements of equivalency in patent law it must be shown that the equivalent elements perform the same function and perform that function in the same or substantially the same way. Wire Tie Machinery Co. et al. v. Pacific Box Corporation et al., 9 Cir., 107 F.2d 54.

In the Associated Wholesale Electric Co. case the Court of Appeals found neither of these requirements present. It found that the Crosley device, the accused apparatus, performed only a part of the function of the lever of the patented combination and such part was performed neither the same nor substantially the same way. That the Court of Appeals considered adequate and applicable prior art in the matter of equivalency is manifest from the record.

■ Moreover, we think independently that under the record before us and in the light of the teachings of the Marschalk Patent No. 2,072,897, and the Schaefer Patent No. 1,906,106, every element, feature and mode of operation of the Leishman combination in suit is anticipated. Even the heavily relied upon characteristic of a coaxial combination in the reissue patent, if indeed such arrangement involves an inventive concept, as distinguished from a common expedient of machine design, is found in Schaefer.

It is no sufficient answer to the anticipating effect in this case of the Schaefer patent to assert that the Leishman reissue claims in suit are limited to coaxiality in connection with a rocker as distinguished from coaxiality in connection with the rack and pinion of the Schaefer or Zenith device. The function and mode of operation of the respective parts are identical and exclusively so. This Schaefer combination, according to the evidence, was incorporated in tuners made by the Zenith Radio Corporation which were considered not satisfactorily marketable because of the bulkiness and unsightly appearances of the levers specified. As the tuner of the reissue patent in suit is provided with substantially the same levers, a like unsatisfactory commercial device appears to have been attained.

There was introduced at the trial of this action a model which was constructed accurately in accordance with the disclosure and claims of a patent to Cunningham, No. 1,930,192, issued October 10, 1933, which is also in evidence as Plaintiff's Exhibit 10. Dr. MacKeown, an expert witness, demonstrated that the model embodying the Cunningham apparatus exemplified coaxiality substantially identical as in the Leishman Combination and also in accordance with a written test written by defendant and published and circulated to the radio industry by him as descriptive of what he claimed to be protected by his patent.

It therefore appears definitely that although it is not necessary to show complete anticipation in a single patent, this Cunningham combination, although intended for a purpose different than the Leishman patent, but in the same art of automatic shaft positioning devices, actually can and does perform and function to turn an attached condenser to bring in any radio station the same as the patent in suit and will attain the result of coaxiality in so doing in practically the same way as Leishman. Thus Cunningham clearly anticipated the Leishman claims in issue with the result of establishing lack of invention in such claims over the prior art. Cf. General Electric Co. v. Jewel Incandescent

Lamp Co. et al., 326 U.S. 242, 66 S.Ct. 81, 90 L.Ed. 43.

■ Even if we were to assume, which we cannot under the record before us, that Leishman was the first to advantageously employ the mechanical principle of coaxiality in the functioning of radio tuning devices, we could not for that reason under settled standards of patent law validate the patent in suit. Such accomplishment would, we think, be nothing more than a new use, which is not per se patentable. Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L. Ed. 58. See, also, Old Town Ribbon & Carbon Co., Inc. v. Columbia Ribbon & Carbon Mfg. Co., Inc., 2 Cir., 1947, 159 F. 2d 379.

■ Stress has been argued upon the widespread acceptance of automatic tuning devices in the radio industry as a reason for validating the questioned claims of the patent in suit. The evidence, however, upon this phase of the case does not warrant the court in attributing such success to the disclosures of the Leishman patent. Rather are such consequences, under the record before us, probably due to independent research and experimentation in the engineering department of the Crosley Corporation. At least such was the finding of Judge Harrison in the Associated Wholesale Electric Co. case made upon the secure ground of evaluating the evidence upon this issue with the yardstick of oral testimony from the witness stand. We have not had the same opportunity in the case at bar. Under the record here, however, we can find no sufficient reason to hold differently.

Our problem in this matter, under our record, is to weigh surmise against positive evidence, and in such situation the safer guide is to reject conjecture.

There are further issues of validity urged by the plaintiff but in view of our decision that the patent claims in issue are void for the reasons stated in this memorandum, we deem it unnecessary to discuss or decide such other matters, and we likewise do not consider it necessary in the light of our conclusion of patent invalidity of the claims in suit to consider or specifically decide the question of infringement by the accused devices of the plaintiff.

Summarizing our conclusions under the record before us, we find, as did Judge Harrison of this court in Leishman v. Associated Wholesale Electric Co., 36 F. Supp. 804, and as did the Court of Appeals of the Tenth Circuit in Richards and Conover Company v. Leishman, 172 F.2d 365, that Claims 7, 8, 9, 10 and 11 of United States Reissue Letters Patent No. 20,827 are invalid and void.

Plaintiff's attorneys will accordingly prepare, serve, and file within ten days from date hereof findings of fact, conclusions of law, and declaratory judgment with costs under the pleadings and conformable to the foregoing conclusions of the court.