**CRANE COMPANY**

v.

**Alonzo H. CRANE and Mary Alice Crane d/b/a Crane Heating Co.**

**Civ. A. No. 6082.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 7, 1957.

Haas, Holland & Blackshear, Atlanta, Ga., for plaintiff.

Byron, Hume, Groen & Clement, Chicago, Ill., for defendants.

SLOAN, District Judge.

The above action is brought under the trade-mark and unfair competition laws of the United States and the State of Georgia, plaintiff alleging, in brief, that defendants have unlawfully and willfully infringed plaintiff's trade-mark of "Crane" and its trade-name of "Crane Co." and have competed unfairly by offering for sale and selling heating products under the name of "Crane" and "Crane Heating Company" and have misled purchasers into believing that "defendants' products are plaintiff's products and originate with plaintiff" and that defendants threaten to continue to infringe plaintiff's trade-mark, its trade-name and to compete unfairly with plaintiff to its irreparable injury. Plaintiff prays for injunction, accounting, attorney's fees and expenses, costs, and for such other relief as the Court may deem just.

The defendants have filed a demand for a trial by jury of all of the issues in the cause and plaintiff has filed a motion to strike the demand for a jury trial on the ground that the action is one cognizable by a court of equity and is not one for which trial by jury is preserved by the Seventh Amendment to the Constitution of the United States, any statute of the United States, or by Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This motion to strike defendants' demand for a trial by jury is now before the Court for determination.

The Seventh Amendment to the Constitution of the United States provides:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *".

Rule 38(a) of the Federal Rules of Civil Procedure provides that:

> "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

Actions for injunctions are equitable in nature and it has long been settled that trial by jury does not extend to equity cases. National Labor Relations Board v. Jones & Laughlin, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893; Bar-

ton v. Barbour, 104 U.S. 126, 128, 133, 134, 26 L.Ed. 672.

■■ If a claim is one properly equitable in character, there is no right to trial by jury on an issue of damages that is incidental to the equitable relief sought by plaintiff, the general rule being that equity having acquired jurisdiction of a cause it should dispose of the entire controversy. Camp v. Boyd, 229 U.S. 530, 552, 33 S.Ct. 785, 57 L.Ed. 1317; Greene v. Louisville & I. R. Co., 244 U.S. 499, 520, 37 S.Ct. 673, 61 L.Ed. 1280.

■ It appearing to the Court that the complaint here is one seeking equitable relief and that the issue of damages is merely incidental to the equitable relief sought, it is concluded that this is not a case in which trial by jury is preserved under the Constitution or laws of the United States, and it is therefore

Ordered that the motion of plaintiff to strike defendants' demand for a trial by jury, be and the same is hereby granted, and such demand is hereby stricken.