**Mildred HARKLESS et al., Plaintiffs,**

**v.**

**The SWEENY INDEPENDENT SCHOOL DISTRICT et al., Defendants.**

Civ. A. No. 66–G–34.

United States District Court
S. D. Texas,
Galveston Division.

Jan. 19, 1968.

Weldon H. Berry, Houston, Tex., for plaintiffs.

Grant Cook, of Reynolds, White, Allen & Cook, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Mildred Harkless and eleven other former teachers at the all negro George Washington Carver School, Sweeny, Texas, brought suit against the Sweeny Independent School District and the School Board pursuant to the provisions of Title 28, United States Code, Section 1343(3), alleging it to be a suit in equity authorized by Title 42, United States Code, Section 1983.

Plaintiff teachers allege in substance that they were not rehired for the school year 1966–67, when the School District completely integrated its school system, solely because they were negroes. The teachers prayed for a preliminary and permanent injunction requiring the defendant Board and its employees to rehire them in accordance with their qualifications and experience, without regard to race or color, and to continue such practice without regard to plaintiffs' constitutionally protected activities in behalf of civil rights; that this court require defendants to reimburse plaintiffs for all back pay and other allowances which plaintiffs would have received but for their dismissal by the Sweeny Independent School District; and, that the plaintiffs be awarded costs and attorney fees.

In the pre-trial order signed by the court on December 13, 1966 after collaboration in preparation and approval by both counsel, the parties agreed to set the case on the court's non-jury docket. At the pre-trial conference held on November 16, 1967, plaintiffs' motion to amend the complaint was granted, the motion itself here being deemed the amended complaint. Leave was also granted plaintiffs' counsel to submit a supplemental pre-trial order to conform to the amended complaint.

In this amended complaint, plaintiffs allege they were denied due process of law under the Fourteenth Amendment to the United States Constitution by virtue of the procedures used by defendants in not rehiring them. The same prayer for relief was inserted in the amended complaint by incorporating the original complaint by reference. The plaintiffs also indicated that this issue would be presented as both a contested issue of fact and a contested issue of law in the supplemental pre-trial order to be submitted by February 1, 1968.

On November 20, 1967, defendants filed a demand for trial by jury for the entire suit, or in the alternative, a demand for trial by jury on new issues raised by plaintiffs' amended complaint. Plaintiffs moved to strike defendants' demands for trial by jury. Plaintiffs and defendants having submitted briefs, plaintiffs' motion to strike defendants' jury demand is now before the court for decision.

Plaintiffs oppose defendants' jury demands on two broad grounds. First, plaintiffs claim that defendants waived their right to a jury trial; and second, that none of the issues framed by the pleadings are properly triable by the jury.

In connection with plaintiffs' contention that defendants waived whatever rights to jury trial they might otherwise have had by failing to make timely demand, an analysis must be made of the applicable Federal Rules of Civil Procedure. Rule 38(d) provides for automatic waiver of trial by jury upon the failure of the claiming party to make demand in accordance with Rule 38(b). Under Rule 38(b) "Any party may demand a trial by jury * * * by serving upon the other parties a demand therefor in writing * * * not later than 10 days after the service of the last pleading directed to such issue."

 It is undisputed that as to the issues raised in the original complaint, the jury demand was untimely. The court recognizes that it may, in its discretion, grant a jury on appropriate issues, notwithstanding waiver. Rule 39(b), Federal Rules of Civil Procedure. Swofford v. B & W, Inc., 336 F.2d 406,

409 (5th Cir. 1964). But here, there was more than a mere inadvertent and untimely waiver, and it is clear that the right to a jury trial may be waived by agreement of the parties.[1] In the pretrial order signed by the court, after approval of counsel, the case was set down on the non-jury docket. Defendants knowingly and deliberately consented to the waiver in writing and have not laid a proper predicate for, or requested this court to exercise its discretion favorably to them by granting a jury trial pursuant to Rule 39(b). Therefore, as to the issues raised in the original complaint, the jury demand being untimely, will be struck.

 However, it is also undisputed that defendants' jury demand was made within ten days of the filing of the amended complaint and therefore timely made under the requirement of Rule 38 (b). Because of the lofty position occupied by the jury in our history and jurisprudence, and feeling strongly, as I do, that a trial before a jury should be denied with great caution, the applicable background authorities will be reviewed before analyzing the amended complaint to determine which of the issues, if any, must be submitted to the jury.

The right to a trial by jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system of jurisprudence. At the time of its adoption, the Seventh Amendment's mandate presented far fewer problems than today. At that time the separate jurisdictions of common law and equity flourished. Each jurisdiction was equipped with its traditional fact-finding tool, the jury at law and the chancellor at equity. Since the jurisdictions of law and equity were mutually exclusive, legal actions were tried at common law, and equitable actions were tried in equity where special remedies were available. Because a given lawsuit would be tried either at common law or at equity, depending upon its nature, the problem of overlapping of fact-finding methods did not exist.

 But with the abolition of the procedural distinction between law and equity in the federal courts by the adoption of the Federal Rules of Civil Procedure in 1938, came the sometimes difficult task of determining the proper fact-finding method in a given case. With the union of law and equity, all issues, whether legal or equitable, are required to be presented in one lawsuit, but a distinction still remains between jury and non-jury issues. Thus, in the federal courts, those issues which were traditionally legal, which would have been triable by jury at common law, must still be tried by jury where the proper party does not waive the right. Swofford v. B & W, Inc., 34 F.R.D. 15 (S.D.Tex. 1963).

 The jurisdiction of the equity courts of old was dependent on the absence of an adequate remedy at law. If, under the circumstances, legal damages were sufficient to remedy the injury, the equity courts would refuse to grant equitable relief, and the plaintiff would have to be content with trial of his case at law, where facts could be found by jury. If, on the other hand, the injured party could only be made whole by injunction or other equitable relief, he would take his case to the chancery courts where the facts were determined by the judge or chancellor. Because of this historical background, one of the most useful indicia of the legal-equitable nature of a present-day civil action is the remedy requested in the pleadings. A request solely for equitable relief indicates a case traditionally triable in equity without the use of a jury. Likewise, a request solely for a legal remedy characterizes the case as one which would have been tried at common law where the jury was available.[2]

1. Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, etc., 137 F.2d 176 (5th Cir. 1943); affirmed 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949 (1944). See 2B Barron and Holtzoff, Federal Practice and Procedure § 879 (Wright ed. 1961).

2. See 5 Moore, Federal Practice 159 (1951).

But under the present practice both legal and equitable remedies may be requested and obtained in a single civil action. Prior to 1959 there was some confusion as to the proper standard to apply in such a case to determine the propriety of jury trials; usually the courts sought to determine whether the "basic nature" of the case taken as a whole was legal or equitable. Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486, 489 (5th Cir. 1961). See e. g. Crane Co. v. Crane Heating Co., 157 F.Supp. 293 (N.D.Ga.1957). Thus, money damage claims if characterized as "incidental" to the basic equitable cause of action did not give rise to a trial by jury on that issue. Crane Co. v. Crane Heating Co., supra. But in 1959 the Supreme Court held in Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L. Ed.2d 988 (1959), that where legal and equitable issues are present in the same case, the trial court's discretion "is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." 359 U.S. at 510, 79 S.Ct. at 956. The court concluded that "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." 359 U.S. at 511, 79 S.Ct. at 957. Subsequently, the Court of Appeals for the Fifth Circuit in Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., supra, explained the holding of the Supreme Court in Beacon Theaters as follows:

"It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control." 294 F.2d at 491.

The court in Thermo-Stitch also forecast that the Beacon Theaters case would sharply reduce the range of cases in which trial by the court without a jury might be held.[3]

The Beacon Theaters view was strengthened and reiterated in Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Jury trial was said to be required for any legal issue, notwithstanding the trial judge's characterization thereof as "incidental to equitable issues." 369 U.S. at 470, 82 S.Ct. 894, 8 L.Ed.2d 144. The court in Dairy Queen held that a defendant was entitled to a trial by jury on issues involved in a claim for a money judgment even though the wording in the complaint was historically equitable in nature.[4]

Thus, under the above clear and express language of the most recent discussion of the United States Supreme Court on this issue, this court will grant jury trial on the legal issues raised in the amended complaint, if any, for there has been no showing of "imperative circumstances" requiring a predetermination of any equitable issue. Although this suit is characterized as a suit in equity by plaintiffs, and is a civil rights suit, the operation of the Seventh Amendment cannot be suspended in the absence of "imperative circumstances" supra. In this regard, a civil rights suit is to be treated no differently than any other civil action.

A careful analysis will be made, in view of this background, to determine which of the issues of the amended complaint, if any, are properly triable by jury. In the amended complaint plaintiffs allege they were denied due process of law under the Fourteenth Amendment of the United States Constitution by virtue of

---

3. This view is endorsed in 2B Barron and Holtzoff, Federal Practice and Procedure § 872 (Wright ed. 1961), where the author states that the Supreme Court intends to require a substantial expansion of jury trial in areas where heretofore a jury has been thought unnecessary.

4. The action was the purely equitable action for an accounting. Since there was a claim for money damages arising from the accounting action, the Court in effect stripped the former exclusively equitable connotation from an action for an accounting.

the procedures used by defendants in not rehiring them. The remedies sought are the same as were sought in their original complaint, i. e. (1) a preliminary and permanent injunction; (2) a monetary award of back pay and other allowances; (3) costs and attorneys fees against defendants. Defendants deny that plaintiffs' race had anything to do with the plaintiffs not being rehired.

Those portions of the plaintiffs' prayer which concern costs and attorney fees may be disposed of summarily for they are never within the province of the jury. Swofford v. B & W Inc., supra; Rule 54(d), Federal Rules of Civil Procedure.

The prayer for a preliminary and permanent injunction is drawn in traditionally equitable language. However, the facts which must be found before the granting of the extraordinary relief prayed for are directly related to, and are virtually the same as, would support the claim for back pay and other allowances. The fact-finding aspect of the equitable issues must await a jury determination of whether race was a factor in plaintiffs' not being rehired if legal issues requiring that determination are present.

Back pay as damages was formerly characterized as merely incidental to the equitable remedy and did not carry with it a right to jury trial. NLRB v. Jones and Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937), Agwilines, Inc. v. NLRB, 87 F.2d 146, 151 (5th Cir. 1936).[5] But the rule is now to the contrary. No longer can the right to a jury trial be thwarted by a characterization of the claim for damages as "incidental" to the request for equitable relief. Dairy Queen v. Wood, supra.

Therefore, defendants' demand for jury trial will be granted as to those questions of fact germane to the request for back pay and other allowances in the amended complaint: Namely, whether plaintiffs were not rehired solely due to their race in violation of the due process clause of the Fourteenth Amendment and, if so, the appropriate amount of damages therefor. The remaining requests for relief, i. e., injunctions, costs, and attorneys' fees will be determined by the court in the light of the relevant jury findings.[6]

It is so ordered.

---

5. Note that these cases predated the adoption of the Federal Rules of Civil Procedure and the *Beacon Theaters* and *Dairy Queen* cases. In the only civil rights opinion on this point since *Dairy Queen*, supra, Smith v. Hampton Training School for Nurses, 360 F.2d 577, 581 n. 8 (4th Cir. 1966), this outdated argument was upheld. However, it is obvious from a close reading of the case that the points raised in *Beacon Theaters*, and *Dairy Queen*, were not brought to the attention of the court, hence the cursory treatment afforded the issue of back pay in a footnote.

6. The jury issues will be decided before the equitable issues. Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).