**Margarito PENA**

v.

**HUNT TOOL COMPANY.**

**Civ. A. No. 67–C–110.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Feb. 27, 1968.

David L. Perry of Edwards, DeAnda & Arnett, Corpus Christi, Tex., for plaintiff.

Norman L. Utter of Utter & Chase, Corpus Christi, Tex., and C. M. Hudspeth of DeLange, Hudspeth, Pitman & Katz, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SEALS, District Judge.

Plaintiff has filed suit pursuant to the Equal Employment Opportunities sections of the 1964 Civil Rights Act.

Defendant, Hunt Tool Company, has moved this court to dismiss the above styled and numbered cause for want of jurisdiction over the subject matter of plaintiff's claim.

Defendant argues that jurisdiction is wanting if the administrative remedies provided in the Act are not completely exhausted before the suit is filed in the district court.

The Act provides that a claimant thereunder file a claim with the Equal Employment Opportunity Commission so that they may first conciliate the claim with the offending parties in an effort to persuade them to conform to the Act. If after a maximum of sixty days the conciliation procedure has failed to pro-

duce compliance, then the Commission will notify the claimant that he may then file suit in the District Court within thirty days. In this connection, it has been held that a claim must be filed with the Commission against the offending company before the District Court may entertain a law suit arising under the same facts. Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967).

However, defendant urges that the suit may not be filed in the District Court until the Commission actively conciliates the claim—notice from the Commission that conciliation efforts have failed is not enough. Defendant would require that plaintiff affirmatively show the acts of the Commission on the claimant's behalf.

It is the opinion of this court that the better reasoned decisions are opposite to this position. Evenson v. Northwest Airlines, Inc., 268 F.Supp. 29 (E.D. Va.1967); Quarles v. Philip Morris, Inc., 271 F.Supp. 842 (E.D.Va.1967); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La.1967); Hall v. Werthan Bag Corp., 251 F.Supp. 184, 185 (M.D.Tenn. 1966); Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E.D.N.C.1967).

In the case of Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D. Ala.1967), the court held that the plaintiff is required to show the Commission has actively conciliated the claim. In *Dent* the court supported its result by attempting to show that in promulgating the administrative remedies procedures, Congress intended to require active conciliation before the claimant could sue in the District Court. But, as is pointed out in *Mondy*, the legislative intent is not as clear as the *Dent* decision indicates. *Dent* has been disapproved by the decisions which have considered it and this court does not consider it persuasive.

It is, therefore, ordered that defendant's motion to dismiss is denied.

The clerk will furnish all parties a true copy of this Memorandum and Order.