**Lorenzo HAYES et al., Plaintiffs,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, a corporation, et al., Defendants.**

**Civ. A. No. 2371.**

United States District Court
S. D. Georgia,
Savannah Division.

Dec. 9, 1968.

Supplemental Order Jan. 14, 1969.

Jack Greenberg, Robert Belton, New York City, Bobby L. Hill, A. Pratt Adams, Jr., Adams, Adams, Brennan & Gardner, Savannah, Ga., for Lorenzo Hayes, and others.

Malcolm R. Maclean, Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Savannah, Ga., for Seaboard Coast Line Railroad Co.

## OPINION

LAWRENCE, District Judge.

Counsel for plaintiffs and the employer have filed helpful briefs. They are in sharp dispute on several fronts though the four main theatres of conflict appear to be:

1. Is "a real endeavor" at mediation on the part of the Equal Employment Opportunities Commission a condition precedent to the institution of a suit against an employer charged with racial discrimination?

2. Does the controversy over the alleged maintenance of a racially segregated and dual system of jobs and lines of progression belong before the National Mediation Board rather than the District Court?

3. Is defendant the Railroad entitled to a jury trial on the issue of back pay

to plaintiffs (and the class they represent) in the amount that would have been earned in absence of racial discrimination?

4. Is back pay awardable to members of a class who filed no individual grievance with the EEOC?

I

*Does this Court lack jurisdiction because EEOC made no effort to mediate plaintiffs' claim of discrimination?*

If the Congress had made a deliberate effort at ambiguity in lawmaking, it could hardly have succeeded better than in the instance of 42 U.S.C. § 2000e–5 (a). The controversy in this Court is but an extension of the dichotomy of viewpoint in Congress on whether an attempt by the Commission to secure voluntary compliance by an employer must precede litigation by the discriminatee. The courts have been just as sharply divided as Senators Javits and Ervin on this issue.[1] Cases which hold that Commission action is indispensable to jurisdiction include Dent v. St. Louis-San Francisco Railway Co., D.C., 265 F.Supp. 56; Mickel v. South Carolina State Employment Service (4th Cir.), 377 F.2d 239 (and subsequently 57 LC § 9111).

On the other hand and directly to the contrary there are Choate v. Caterpillar Tractor Company (7th Cir.) 402 F.2d 357, October 17, 1968, Johnson v. Seaboard Air Line Railroad (4th Cir.), October 29, 1968; Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La. 1967); Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E.D.N.C.1967); Evenson v. Northwest Airlines, Inc., 268 F.Supp. 29 (E.D.Va.1967); Quarles v. Philip Morris, Inc., 271 F.Supp. 842 (E.D.Va.1967); Pena v. Hunt Tool Company, 296 F.Supp. 1003 (S.C.Tex.1968); Wheeler v. Bohn Aluminum and Brass Company, 68 LRRM 2769 (W.D.Mich. 1968).

I am tempted to follow the majority viewpoint on this issue. However, since counsel advise me that the *Dent* case is now before the Fifth Circuit where it was argued some time ago I will reserve judgment until a decision in that case is handed down.

II

*Is the controversy here one that must be adjudicated under the railroad Labor Act rather than in this Court?*

Contending that it is, counsel for the Railroad lean heavily on Norman v. Missouri Pacific Railroad, 58 LC § 9144. It was held in that case that a District Court is without jurisdiction to require all Negro employees in the train porter craft to be placed in the class of brakemen. In so holding, the District Judge cited Howard v. St. Louis-San Francisco Railway Co., 8 Cir., 361 F.2d 905 where it was said that only the Mediation Board is empowered to make craft determinations.

Plaintiffs' counsel assert that *Norman* "stands alone in requiring exhaustion of non-Title VII avenues before resort to relief under Title VII can be pursued". They cite Dent v. St. Louis-San Francisco Railway, supra, where it held that a collective bargaining effort before the Railroad Adjustment Board is not a prerequisite to suit by aggrieved employees under Title VII.

The Court here is not asked to reclassify crafts in the railroad industry but to rectify racial discrimination against Negroes *as individuals* within a craft. My inclination is to follow *Dent*. However, I will reserve decision for a reason-

---

1. Senator Ervin: " * * * the aggrieved party cannot sue in the Federal courts unless the Commission * * * fails to adjust the matter by conciliation." Senator Javits: " * * * that [conciliation] is not a condition precedent to the action of taking a defendant into court." Quoted from Johnson v. Seaboard Air Line Railroad Co., 4th Cir., October 29, 1968, 405 F.2d 645.

able time pending disposition of the appeal in *Dent.* Certainly a decision should be forthcoming shortly.

### III

*The Motion to Strike Defendant's
Demand for a Jury Trial on
Issue of Back Pay*

In its answer SCL prays for a jury trial on the issue of back pay. Plaintiff moved to strike the demand and to have the case placed on the non-jury calendar.

The Railroad argues that Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, and Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, require a jury trial on the issue of plaintiffs' prayer for back pay. It contends that where legal and equitable causes conjoin the legal issues are determinable by a jury and the presence of the equitable feature does not deprive a party of the right thereto. Citing Harkless v. Sweeny Independent School District, 278 F.Supp. 632 (S.D.Tex. 1968), in which back pay was asked by Negro school teachers seeking reinstatement, they assert confidently the right to jury trial in the present case.

On their part, plaintiffs say that to warrant a jury trial the claim must be of such a nature as would entitle a party to a jury at the time of the adoption of the Seventh Amendment. United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216; NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Wirtz v. Jones, 5 Cir., 340 F.2d 901. It is their further contention that the complaint involves the equity jurisdiction and powers of the Court and that as such a court may award money damages on an integral part of the decree so that complete relief may be had. Katchen v. Landy, 382 U.S. 323, 338, 86 S.Ct. 467, 15 L.Ed.2d 391; Smith v. Hampton Training School for Nurses, 360 F.2d 577, 581 (4th Cir.). They point out that the Fifth Circuit Court of Appeals has stated that *Beacon Theatres, Dairy Queen* and Thermo-Stitch, Inc. v. Chemi-Cord Processing Co., 294 F.2d 486 do not "convert *any* money request" in injunction cases "into a money claim triable by jury". See Swofford v. B. & W., Inc., 5 Cir., 336 F.2d 406, 414.

The effect of the Seventh Amendment on Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(g)) has produced the usual clash of conflicting philosophies concerning interpretation.

SCL contends that the gist of the action is the relief sought by plaintiffs in the way of back pay in the form of money damages and that injunctive relief is merely incidental to this legal, jury-triable issue. I disagree.

 This case comes into this Court under Title VII and the gravamen of the complaint is injunctive and declaratory relief against racial discrimination in employment affecting plaintiffs and the class. Back pay is one of the modes of relief that a court can grant.

Certainly this appears to be the understanding of Congress as reflected by 42 U.S.C. § 2000e-5(g). The language of that section is:

> "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice)."

 Defendant maintained on oral argument that the proper procedure in this case would be to try the back pay or money judgment phase before a jury and then for the Court to proceed to decide whether racial discrimination exists in

employment practices and whether defendant should be enjoined. To give such direction to Title VII cases would, in my view, thwart the will of Congress and to an extent frustrate the purposes of the legislation. Further and alternatively, it is hard to conceive of a more chaotic method of district court handling of an EEO case than for the judge to hold a non-jury trial, as he must, on the racial discrimination charges under the injunctive and declaratory relief features and thereafter refer to a jury the issue of back pay after a repetition of the same evidence.

The duty of the Court to enjoin discrimination where it finds unlawful employment practices to exist is unravellably intertwined with the resulting money loss to a particular employee. Unequal opportunity in job classifications and in promotions, the establishment or new seniority lists, dealing with historically segregated departments, the equalization of pay in separate job classifications but comparable work—in all of this a jury is at best ill-equipped to make determinations of so sophisticated issues involving so complicated computations.

What plaintiffs contend concerning jury trials under Title VII seems to be the view of most of the courts confronted with jury demands in back pay issues. Cases in which jury trial was denied include Anthony v. Brooks, 67 LRRM 2897 (N.D.Ga., Sept. 18, 1967); Banks v. Local 136, C.A. 68–598 (N.D.Ala., January 29, 1967) and Lea v. Cone Mills, C. A. C-176-D-56 (M.D.N.C., March 25, 1968).[2]

If these decisions and 42 U.S.C. § 2000e–5(g) of Title VII do not give due deference to the Seventh Amendment's preservation of the right of jury trial "in Suits at common law", higher courts will soon begin to inform me. I am

of the opinion that denial thereof does not contravene the Constitution and therefore strike the demand. *Jones & Laughlin*, supra, and Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 seem to tell me that I am not wrong in doing so.

## IV

*Is back pay awardable to members of a class who filed no individual grievance with the EEOC?*

SCL has moved to strike the plaintiffs' prayer for back pay as it relates to members of the class on the ground that no complaint by them was made to EEOC and that, absent grievance procedures under Title VII, money awards cannot be made in this Court.

Here, again, we have conflicting interpretations. Bowe v. Colgate-Palmolive Co., 272 F.Supp. 332 (N.D.Ill., 1968) indicates that without filing a grievance with EEOC there can be no back pay recovery. In Quarles v. Philip Morris, Inc., supra, pay adjustment was allowed to a member of the class who had neither filed a charge with the Commission or intervened in the District Court action.

Judicial determination of the meaning of Title VII in this as well as in other areas is in flux. There is no necessity of meeting the issue at this time. While I have an inherent distaste for awarding sums of money to anonymous plaintiffs I will not at this stage translate predilection into decision but will reserve judgment in the hope that before the discovery procedures in this case are completed there will be a more compelling body of decisional law on the subject. *Jenkins* and *Oatis* are not determinative of the particular issue. It will be helpful if counsel will keep me informed of developments in the particular area of law.

2. Quarles v. Philip Morris, Inc., 279 F. Supp. 505 (E.D.Va., 1968) gives some idea of the complicated task that would confront a jury in ascertaining right to back pay and the amount thereof.

## V

I will consider now some of the grounds of controversy involved in motions to dismiss. Grounds 8–11 involve the issue of timeliness under Title VII. According to a statement of counsel for plaintiffs at the oral argument, the action was brought within 30 days after receipt of written notice by the Commission of failure to obtain voluntary compliance. I assume that this announcement satisfies the Railroad. Accordingly, I overrule the motion to dismiss as to that ground.

■■ Related motions are based on the claim of plaintiffs' non-compliance with the requirements that the discrimination charge must be filed within 90 days of the practice complained of, the complaint filed within 180 days after such practice and more than 60 days after the filing of the charges with EEOC. The several motions addressed to such defects are overruled. Except in the case of the 30-day requirement, the time provisions under Title VII are generally held by the courts to be directory rather than mandatory. See Dent v. St. Louis, supra; Choate v. Caterpillar Tractor Company, supra; Pullen v. Otis Elevator Company, 292 F.Supp. 715 (N.D.Ga.1968); Harris v. Orkin Exterminating Inc., 293 F.Supp. 104 (N.D.Ga. 1968); Kendrick v. American Bakeries Co., 58 LC § 9146 (N.D.Ga., 1968).

## VI

### Class Action Feature

Under Rule 23 the court is required as soon as practicable to determine whether a class action is maintainable and to specify the class represented and to provide (here, pursuant to Rule 23(b) (3)) for notice to its members. In a statement made during the argument counsel for plaintiffs limit the class to Negro employees of the SCL at Savannah. I specify that the class represented by plaintiffs will include Negro employees at or near Savannah who belong to or are eligible for membership in either of the two local defendant Brotherhoods by reason of job classification. A form of notice and the manner of giving same will be presented for my consideration by counsel.

### Plaintiffs' Motion to Obtain Discovery Priority

■ On September 3, 1968, SCL served interrogatories and on October 21st the defendant unions directed interrogatories to plaintiffs. On November 15th the latter served interrogatories on SCL and at the same time they moved that the defendants be required to answer first although they were served last. The ground of the motion is that plaintiffs' proof will come necessarily from defendants and that information as to segregated job classifications and the unions is exclusively within the knowledge of defendants.

It is perhaps true that much of the information sought in defendants' interrogatories is already known to them. At the same time, a number of the questions (from casual inspection) are answerable by plaintiffs. They should do so on the basis of information readily available. If they are unable to answer *some* of these interrogatories it would raise serious doubt in my mind as to their being entitled to represent the class.

Plaintiffs' motion for priority is denied and they are required to answer defendants' interrogatories to the extent practicable and as soon as practicable.

## VIII

### Motion of SCL to Strike Allegation in Paragraph VIII of the Complaint

■ The defendant railroad moves to strike the allegation that the union bargaining contracts require it to give preference to sons of employees in the selection of apprentices. An affidavit by an officer of SCL disputes the existence of any such provision in the contracts. I do not think this issue can properly be resolved on motion to strike. I could

treat the motion as one for partial summary judgment and will do so unless plaintiffs in reasonable time delete the allegation by amendment after satisfying themselves of the non-existence of the disputed contractual provisions.

### IX

*Motion to Substitute Seaboard Coast Line Railroad Company for the Two Railroad Defendants Who Have Merged*

This motion as well as the amendment in that connection is allowed.

### SUPPLEMENTAL ORDER

■ In the order of this Court dated December 9, 1968 judgment was reserved on the issue of whether "real endeavor" by the Equal Employment Opportunities Commission to mediate the grievance is a jurisdictional prerequisite for Federal Court actions by aggrieved employees under Title VII of the Civil Rights Act of 1964. While I was tempted at the time to follow Choate v. Caterpillar Tractor Company (7th Cir.) 402 F.2d 357, October 17, 1968 and Johnson v. Seaboard Air Line Railroad (4th Cir.) October 29, 1968, I decided to await the ruling by the Court of Appeals for the Fifth Circuit in the appeal in Dent v. St. Louis-San Francisco Railway Company, et al., D. C., 265 F.Supp. 56.

That decision has now been handed down. The Court of Appeals for this Circuit says that "a plain reading of the statute does not justify the conclusion that, as a jurisdictional requirement for a civil action by the aggrieved employee under Section 706(e), the Commission must actually attempt and engage in conciliation." See Dent v. St. Louis-San Francisco Railway Co., 406 F.2d 399 and two similar appeals consolidated with it, decided January 8, 1969.

I now overrule ground 2 of Defendant's Motion to Dismiss.

■ I also held up my decision in respect to Defendant's Motion to Dismiss on the ground that this Court is without jurisdiction because of non-exhaustion by plaintiffs of administrative remedies under the Railroad Labor Act. I had mistakenly supposed that this issue which was decided adversely to the defendant in *Dent* by the District Judge was involved in the appeal in that case. Under these circumstances, I rule that collective bargaining procedures before the Railroad Adjustment Board are not a requisite to suit by employees against the railroad under Title VII. Ground 3 of Defendant's Motion to Dismiss is therefore overruled.

### Class Action Notice

In the order of this Court dated December 9, 1968, I specified that plaintiffs properly represent a class consisting of all Negro employees of the defendant Railroad at or near Savannah who belong to or are eligible for membership in either of the two local defendant Brotherhoods. I directed counsel for defendants to present a form of notice and a suggested manner of giving same in accordance with Rule 23(b)(3).

■ Plaintiffs have moved to alter and amend the order so as to designate the class action as one under 23(b)(2). The result would be that no notice to the members would be required.[1]

At the time I ruled in respect to the class that the plaintiffs represent in this case I was aware that the action was brought pursuant to Rule 23(b)(2). I was also aware that the existence of questions of law or fact common to the members is alleged and that the prayers of the complaint include one for grant of back pay to the class.

■ I agree with the statement in the able memorandum filed on behalf of plaintiffs on this question that the alle-

---

1. However, under Rule 23 the court may in *any* appropriate instance enter orders requiring notice to members of the class so that they may signify whether they consider the representation adequate and, if desired, intervene in the action. See 23(d)(2).

gations "abundantly meet all of the requirements of Rule 23(b) (2)." According to the Advisory Committee report, the reach of that sub-paragraph is illustrated by actions in the Civil Rights field when a defendant is charged with discrimination against a class whose members are not easily capable of specific enumeration. See Jenkins v. United Gas Corporation, 5 Cir., 400 F.2d 28, 34. Here, the members of the specified class are not only capable of identification but are relatively small in number. I do not think 23(b) (2) is intended to apply where the existence of racial discrimination may require varying solutions by the court under different factual situations as to employees. Final relief herein, for all I know, may predominantly involve the issue of money damages. In such cases 23(b) (2) non-notice is inappropriate. At least, that is the way I read the Advisory Committee notes as to amended Rule 23.

I gathered at the oral argument that one of the chief complaints of plaintiffs concerning requirement of notice to the class specified is that it would be an exercise in futility. I disagree. I think notice to members of an identifiable, unnumerous class may be salutary and of value. I do not foresee any possible harm or hurt flowing from notice. I cannot understand the apparent reluctance of plaintiffs to let non-party employees know that litigation which may affect their jobs, including higher pay and promotion, is in progress. A disclosed rather than a secretive agency is preferable in such cases.

I therefore adhere to my original order specifying the class representation and providing for notice to members. In an area of law so shifting and unstable courts must feel their way. My order is, of course, alterable at any time prior to decision on the merits under Rule 23(c) (1).

In the alternative, plaintiffs have moved, pursuant to Title 28 § 1292 (b), for certification for the purpose of an interlocutory appeal on this issue. In such a case the Court must find that an immediate appeal may materially advance the ultimate termination of the litigation. Being of the definite view that an interlocutory appeal upon the matter of (b) (3) notice to the class would have an opposite effect plaintiffs' motion for certification of the issue is denied.

 Similarly, the motion by Seaboard Coast Line to certify the jury question for immediate interlocutory appeal is denied. I am confident that by the time we get down to a hearing on the merits in this case the jury issue feature under Title VII will have been authoritatively dealt with on higher levels.