**Julie ROGERS, Plaintiff,**

v.

**Leroy LOETHER, and Mariane Loether, his Wife, and Mrs. Anthony Perez, Defendants.**

**Civ. A. No. 69–C–524.**

United States District Court, E. D. Wisconsin.

May 19, 1970.

Seymour Pikofsky and Otto Tucker, Milwaukee Legal Services, Milwaukee, Wis., for plaintiff.

Robert D. Scott, Milwaukee, Wis., for defendants.

### OPINION AND ORDER

REYNOLDS, District Judge.

This is an action brought under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601–3619, which prohibits discrimination in the rental of housing. Plaintiff claims that defendants discriminated against her by refusing to rent her an apartment because she is a Negro. Plaintiff requested injunctive relief restraining the rental of the subject apartment except to the plaintiff, money damages for loss incurred by the plaintiff due to the alleged discrimination, punitive damages in the amount of $1,-000, and attorney's fees.

The court granted plaintiff's motion for a temporary restraining order on November 17, 1969, and, following an extended hearing, entered a preliminary injunction temporarily restraining the rental of the apartment pending final determination of the case. At a hearing on April 30, 1970, the Court, with consent of plaintiff, dissolved the preliminary injunction. Therefore, the only issues remaining in the suit are plaintiff's claim for compensatory and punitive damages and attorney's fees.

The defendants have requested a jury trial on these issues, and plaintiff has objected to this request. The parties have submitted briefs and argued to the court on this issue which is now before the court for decision.

To warrant a jury trial, a claim must be of such a nature as would entitle a party to a jury at the time of the adoption of the Seventh Amendment. NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1936); United States v. Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216 (1950). The question before this court, therefore, is whether the cause of action under 42 U.S.C. §§ 3601–3619 is one recognized at common law which consequently requires a jury trial. I find that this cause of action is a statutory one invoking the equity powers of the court, by which the court may award compensatory and punitive money damages as an integral part of the final decree so that complete relief may be had. The action is not one in the nature of a suit at common law, and therefore there is no right to trial by jury on the issue of money damages in the case.

Defendant argues that the Seventh Amendment of the Constitution; Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5th Cir. 1961); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Harkless v. Sweeny Independent School District, 278 F.Supp. 632 (S. D. Texas 1968); and Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), require a jury trial on the issue of plaintiff's prayer for money damages due to the alleged discrimination.

*Beacon, Dairy Queen,* and *Thermo-Stitch* hold that where equitable and legal claims are joined in the same cause of action, there is a right to trial by jury on the legal claims that must not be infringed by trying the legal issues as incidental to the equitable issues or by a court trial of common issues between the two. The Court in Swofford v. B & W, Inc., 336 F.2d 406, 414 (5th Cir. 1964), commented on these cases:

> " * * * This is not to say, however, that they have converted typical non-jury claims, or remedies, into jury ones. Therefore, we reject a view that the trio of Beacon Theatres, Dairy Queen, and Thermo-Stitch is a catalyst which suddenly converts *any* money request into a money claim triable by jury."

The *Harkless* court granted a jury trial on the issue of back pay award in an action brought under 42 U.S.C. § 1983 seeking reinstatement as teachers following a discharge allegedly based on racial discrimination. However, § 1983 expressly provides that persons acting under color of state law who deprive other persons of constitutional rights shall be liable "in an action at law." There is no such provision in 42 U.S.C. § 3612(c).

The Supreme Court in *Ross* held that plaintiffs in a shareholder's derivative action had a right to a jury trial on those issues to which the corporation, had it brought the action itself, would have had the right to a jury trial. The Court found that where the claims asserted were damages against the corporation's broker under the brokerage contract and rights against the corporate directors because of their negligence, both actions at common law, " * * * it is no longer tenable for a district court, administering both law and equity in the same action, to deny legal remedies to a corporation, merely because the

corporation's spokesmen are its shareholders rather than its directors. * * *" 396 U.S. at 540, 90 S.Ct. at 739. While Ross may reflect "an unarticulated but apparently overpowering bias in favor of jury trials in civil actions," *Ross,* supra, at 551, 90 S.Ct. at 745, Justice Stewart dissenting, the case does not stand for the proposition that any money claim in a cause of action must be tried by a jury. The decision deals narrowly with the right to jury trial in a shareholder's derivative action and is clearly distinguishable from the case before this court.

The section of the statute dealing with remedies for violation of the act, 42 U.S.C. § 3612(c), provides:

> "(c) *The court* (emphasis added) may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff: *Provided,* That the said plaintiff *in the opinion of the court* (emphasis added) is not financially able to assume said attorney's fees."

On its face, this statutory language seems to treat the actual damages issue as one for the trial judge rather than a jury. District courts in Hayes v. Seaboard Coast Line Railroad Co., 46 F.R. D. 49 (S.D.Ga.1969), and Cheatwood v. South Central Bell Telephone and Telegraph Co., 303 F.Supp. 754 (M.D.Ala. 1969), have construed similar language in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g),* to mean that the issue of back pay award in employment discrimination cases does not require jury determination.

Both *Hayes* and *Cheatwood* held that the money damages issue of back pay in an action under 42 U.S.C. § 2000e–5(g) of the 1964 Civil Rights Act was not a separate legal issue, but rather was a remedy the court could employ for violation of the statute in a statutory proceeding unknown at common law, and that there was no right to a trial by jury on that issue. As I have noted, the language of the remedial provisions of 42 U.S.C. § 2000e–5(g) of the Civil Rights Act of 1964 and 42 U.S.C. § 3612(c) of the Civil Rights Act of 1968 are very similar. The purpose of the two acts is similar. Title VII of the 1964 Act prohibits discrimination on the basis of race, color, religion, sex, or national origin by specified groups of employers, labor unions, and employment agencies. Title VIII of the 1968 Act prohibits discrimination on the basis of race, color, religion, or national origin in the sale or rental of housing by private owners, real estate brokers, and financial institutions. The award of money damages in a Title VIII action has the same place in the statutory scheme as does the award of back pay in a Title VII action. Determining the amount of a back pay award in a Title VII action can be as difficult a question of fact as determining the amount of money damages in a Title VIII action. *Hayes,* 46 F.R.D. at 53.

An action under Title VIII is not an action at common law. The statute does not expressly provide for trial by jury of any issues in the action. In the absence of a clear mandate from Congress requiring a jury trial, I find that the similarities between the remedial provisions of the Civil Rights Acts of 1964 and 1968, in light of the undivided authority holding that the issue of money damages for back pay under Title VII of

---

* "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, *the court* may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice). * * *" (Emphasis added.)

the 1964 Act is not an issue for the jury, compel the conclusion that the issue of compensatory and punitive money damages in an action under Title VIII of the 1968 Act is likewise an issue for the court. Accordingly, defendants' request for a jury trial must be denied.

Therefore, it is ordered that defendants' request for a jury trial be and it hereby is denied.