Ken KASTNER and Linda Kastner,
husband and wife, Plaintiffs,

v.

William L. BRACKETT and Elizabeth
K. Brackett, husband and wife,
Defendants.

Civ. No. R-2431.

United States District Court,
D. Nevada.

May 18, 1971.

Byron K. Meredith, Reno, Nev., for plaintiffs.

Samuel B. Francovich, Reno, Nev., for defendants.

## ORDER

BRUCE R. THOMPSON, District Judge.

This is an action for damages brought pursuant to 42 U.S.C. § 3604(d), alleging false representations and racial discrimination resulting in the eviction of plaintiffs from an apartment owned by defendants. Defendants filed a timely

**1152**

demand for a jury trial. Plaintiffs have moved to strike the demand, citing Rogers v. Loether, 312 F.Supp. 1008 (E.D. Wisc.1970), which is squarely in point. *Rogers* holds that an action under Title VIII of the Civil Rights Act of 1968 is not an action at common law to which the constitutional right of trial by jury attaches.

While I am in accord that it would be a service to the cause and processes of the administration of justice if these relatively minor actions could be routinely assigned for court trial, without a jury, the *Rogers* decision does not comport with my understanding of the constitutional right to a jury trial. Rule 38(a) of the Federal Rules of Civil Procedure rests the right to trial by jury squarely upon the Seventh Amendment to the Constitution of the United States: "In suits at common law * * * the right of trial by jury shall be preserved." The basic issue, then, is not what Congress intended, expressed or by implication, in the wording of the Civil Rights Act of 1968, but rather the application of the constitutional guarantee to actions brought under the Act.

 Generally speaking, a new right of action, that is, a new cause for relief such as the violation of an obligation imposed by statute newly enacted, is not free from the constitutional privilege of a jury trial. 5 Moore's Federal Practice, 2nd Ed., 122–4. If the relief provided is equitable rather than legal in nature, the right to a jury does not attach, even if financial restitution is part of the equitable relief available. National Labor Relations Board v. Jones & Laughlin, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937); Porter v. Warner Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L. Ed. 1332 (1946). Likewise, if the action is within the admiralty jurisdiction of the Court, Crowell v. Benson, 285 U. S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), or if a special statutory proceeding has been established not in the nature of an action at common law, Guthrie National Bank v. Guthrie, 173 U.S. 528, 19 S.Ct. 513, 43 L.Ed. 796 (1899), a party has no constitutional right to a jury. For the most part, however, where the suit is one for damages in an ordinary court action, a party's demand for jury determination of the issues cannot be rejected. Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); Travelers Indemnity Co. v. State Farm, 330 F.2d 250 (9th Cir.1964); DePinto v. Provident Security Life Ins. Co., 323 F.2d 826 (9th Cir.1963).

The instant action is one traditionally legal in character. From one point of view, it is an action on an oral contract for damages for its breach, a common law action on the case for assumpsit alleging the breach of the landlord-tenant relationship by an eviction dictated by racial discrimination. From another aspect, emphasizing the allegedly false reasons given to justify the eviction, it is like a common law action on the case for deceit.

I think the motion to strike the demand for jury trial must be denied.