James E. CAULEY, Jr., et al.

v.

Robert C. SMITH.

Civ. A. No. 248–72–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 8, 1972.

James W. Benton, Jr., Richmond, Va., for plaintiffs.

Robert Randolph Jones, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs herein seek monetary damages as well as declaratory and injunctive relief, with respect to alleged discriminatory acts practiced upon them and upon a class they purport to represent by the defendant. The gravamen of the complaint is that plaintiffs were refused rental in an apartment house managed by defendant realtor on the basis of race or color. The plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(3) and (4), 28 U.S.C. § 2201, the Thirteenth Amendment to the Constitution of the United States, 42 U.S.C. §§ 1981, 1982 and §§ 810 and 812 of the 1968 Fair Housing Act, 42 U.S.C. §§ 3610, 3612.

The sole question before the Court at this time is whether the defendant herein is entitled to a jury.

Although the plaintiffs have made several jurisdictional averments, the Court is of the opinion that the above styled action is brought principally pursuant to the 1968 Fair Housing Act. Weight is lent to the Court's conclusion by virtue of the fact that plaintiffs prior to bringing the action herein have pursued their remedies under the procedures mandated by 42 U.S.C. § 3610. The relief now sought is authorized by 42 U.S.C. § 3612(c), to which the plain-

tiffs have apparently tailored their demand for punitive damages. Accordingly, the issue herein is narrowed to the question of whether the defendant is entitled to a jury in an action brought pursuant to 42 U.S.C. § 3612.

■ The Court is guided by the general principle that a new cause for relief, such as the case herein, is not *per se* free from the constitutional privilege of a jury trial. See 5 Moore's Federal Practice (2d Ed.) 122-4. The guiding rule is that if the relief provided is equitable rather than legal in nature, the right to a jury does not attach, even if financial restitution is part of the equitable relief requested. NLRB v. Jones & Laughlin, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937). There is some question whether the provision for limited *punitive* damages (up to $1,000) under 42 U.S.C. § 3612(c) lends to actions brought thereunder, the character of a suit for money damages, in the nature of "legal relief," thereby entitling the defendant to a jury. Legislative history is not helpful, see 1968 U.S. Code, Cong. and Adm.News, Vol. II, p. 1837, in determining whether Congress intended that the relief authorized under 42 U.S. C. § 3612(c) is legal or equitable in nature.

The Court is thus left to reach its own finding upon a reading of the statute. The law itself provides:

> (c) The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff: *Provided,* That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees.

■ The discretionary language of the section as well as the limitation upon punitive damages lead the Court to conclude that the relief provided by the statute is equitable in nature. Accordingly, defendant is without right to trial by jury.

In Rogers v. Loether, 312 F.Supp. 1008 (E.D.Wis.1970), the district court, faced with the same issue under § 3612(c), concluded that a jury trial was not warranted. *Rogers* may be distinguished from Kastner v. Brackett, 326 F.Supp. 1151 (D.Nev.1971), wherein a jury trial was granted under 42 U.S.C. § 3604(d). That section merely makes it unlawful to misrepresent that a dwelling is not available because of the race, color, religion or national origin of the applicant and it does not provide for remedy. The learned court in *Kastner* treated the section as creating a cause of action in contract, which cause is legal in nature. For the reasons stated above, § 3612(c), in the Court's view, may be differentiated from the statute at issue in *Kastner.*

Accordingly, defendant's jury demand is denied. Plaintiff's motion to strike said demand is granted.

An appropriate order will issue.