**Lawrence KELLY and Wilma T. Kelly,**
**Plaintiffs,**

v.

**Marcus ARMBRUST a/k/a Mark Armbrust and Mary Ann Armbrust,**
**Defendants.**

**Civ. No. 4790.**

United States District Court,
D. North Dakota,
Southeastern Division.

Dec. 19, 1972.

Robert A. Feder, Fargo, N. D., for plaintiffs.

Gilbert R. Neset, Fargo, N. D., for defendants.

## MEMORANDUM OF DECISION

BENSON, Chief Judge.

This is an action for damages pursuant to 42 U.S.C. § 3604(a), a provision under Title VIII of the 1968 Civil Rights Act, alleging racial discrimination on an allegation that the defendants refused to rent to plaintiffs a dwelling, after making a bona fide offer to rent. The defendants made a timely demand for a jury trial, and moved the Court for dismissal of the action on the grounds of lack of jurisdiction, failure to state a claim upon which relief can be granted, and failure to seek and exhaust administrative remedies. Plaintiffs' counsel has resisted the motion to dismiss. He has also filed a motion in the form of a request that the demand for jury trial be denied.

The defendants' motion for dismissal is denied. The question of a right to a jury trial in this case merits further discussion.

In support of its position, the plaintiffs cite two recent district court cases which held that a jury should not be called to determine damages pursuant to Title VIII, specifically § 3604(a). Rogers v. Loether, 312 F.Supp. 1008 (E.D.Wis.1970), Cauley v. Smith, 347 F.Supp. 114 (E.D.Vir.1972). *Rogers* held that an action under Title VIII is not an action at common law to which the constitutional right of jury trial attaches. The *Cauley* court concluded "that the relief provided by the statute is equitable in nature. Accordingly, [the] defendant is without [the] right to trial by jury." at 115.

42 U.S.C. § 3612(c) defines the relief available to a complainant under Title VIII:

"(c) the court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff: *Provided,* that the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees."

The Seventh Amendment states: "In suits at common law . . . the right of trial by jury shall be preserved . . . ." This Amendment is preservative in nature and does not alter the right of jury trial as it was known to the English common law at the time of the Amendment's adoption. This principle is concerned with matters of substance and not of form, and does not preclude the application of the Amendment to newly created rights of a legal nature, which would under common law principles be enforced in a suit in a common law action. Likewise, where new causes of action are created, such as under Title VIII, these new causes are not *per se* free from the constitutional privilege of a jury trial. 5 Moore's Federal Practice (2nd Ed.) ¶ 38.11[6].

The test as to whether the right to jury attaches to a new cause is whether the relief provided is equitable or legal in nature. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946). This Court agrees with Kastner v. Brackett, 326 F.Supp. 1151 (D.Nev.1971) in so far as that court found that the relief provided in Title VIII actions, where punitive and actual damages are requested, is a legal remedy, and that, therefore, the right to jury attaches. The following language from *Kastner* is enlightening:

"While I am in accord that it would be a service to the cause and processes of the administration of justice if

these relatively minor actions could be routinely assigned for court trial, without a jury, the *Rogers* decision does not comport with my understanding of the constitutional rights to a jury trial. Rule 38(a) of the Federal Rules of Civil Procedure rests the right to trial by jury squarely upon the Seventh Amendment to the Constitution of the United States . . . The basic issue, then, is not what Congress intended, expressed or by implication, in the wording of the Civil Rights Act of 1968, but rather the application of the Constitutional guarantee to actions brought under the Act.

. . . For the most part, however, where the suit is one for damages in an ordinary court action, a party's demand for jury determination . . . cannot be rejected." at 1152.

It is difficult to reconcile the holdings of the *Rogers* and *Cauley* decisions with the expansion of the right to jury trial as found in a progeny of Supreme Court cases in the early sixties. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); Meeker v. Ambassador Oil Corp., 375 U.S. 160, 84 S.Ct. 273, 11 L.Ed.2d 261 (1963). *See generally* 5 Moore's Federal Practice (2nd Ed.) ¶ 38.11, 38.12. The Supreme Court's position was illustrated by Mr. Justice Black in *Dairy Queen, Inc.,* as follows:

"The holding in *Beacon Theaters* was that where legal and equitable issues are presented in a single case, 'only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules, we cannot now anticipate, can the right to a jury trial of legal issues be lost by prior determination of equitable claims.' That holding, of course, applies whether the trial judge chooses to characterize the legal issues as 'incidental' to equitable issues or not." 369 U.S. at 472, 473, 82 S.Ct. at 897.

Nor do the *Rogers* and *Cauley* decisions follow the historical distinction between equitable and legal remedies. The Price Control Act of World War II is a good example of this distinction as the Act provided, in addition to criminal sanctions and licensing provisions, an arsenal of civil remedies: (1) an action for damages by the aggrieved purchaser or tenant, (2) an action by the Administrator to enjoin continued violations and restitution of the overcharges to the purchaser or tenant, in the event he has not sued; and (3) an action by the United States to recover treble the amount of the overcharge under certain circumstances. The second remedy is equitable and no right of jury trial attaches. The first and third are legal and the right of jury trial attaches, although the statute is silent on the matter. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946).

The instant action is one traditionally legal in character, and since the plaintiffs request actual and punitive damages, the defendants' demand for a jury trial must be granted. Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

The right to a jury trial will be limited to the questions of damages. The plaintiff has prayed for an injunction to enjoin defendants from alleged discriminating practices. Since it is an equitable remedy, the question of whether an injunction should issue will be reserved to the Court. United States v. Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216 (1950).

It is so ordered.