**UNITED STATES of America, Plaintiff,**

v.

**WESTBANICK CORPORATION et al., Defendants.**

**Civ. A. No. 73-C-273.**

United States District Court, E. D. Wisconsin.

July 18, 1974.

Frank E. Schwelb, Chief, Housing Section, Civil Rights Div., and Judith E. Wolf, Atty., Dept. of Justice, Washington, D. C., and William J. Mulligan, U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert D. Scott, Milwaukee, Wis., for defendants.

DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff, the United States of America, brings this action under § 813 of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3613 (Fair Housing Act), alleging that "the defendants follow a policy and practice of discrimination

against black persons, on account of race, with respect to the rental of apartments and rooms." The complaint seeks an injunction barring further discrimination and requiring affirmative action by defendants to correct the effects of past discrimination and "such other relief as the interests of justice may require." As one means of enforcing the Fair Housing Act, 42 U.S.C. § 3601 et seq., § 813 provides that, subject to certain conditions, the Attorney General—

" * * * may bring a civil action in any appropriate United States district court by filing with it a complaint setting forth the facts and requesting such preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order * * * as he deems necessary to insure the full enjoyment of the rights granted by this subchapter." 42 U.S.C. § 3613.

Defendants have made a timely demand for a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. The matter is presently before the court on plaintiff's motion to strike defendants' demand for a jury trial.

■ Plaintiff seeks only injunctive relief. The Attorney General has specifically requested only such relief as may be afforded in a court of equity. The Seventh Amendment [1] does not entitle defendants to a jury trial where the only relief requested is equitable in nature. The critical distinction here for purposes of the right to jury trial is that between law and equity. The continued vitality of that distinction has been recently reiterated by the Supreme Court. Curtis v. Loether, 415 U.S. 189, 191–195, 94 S.Ct. 1005, 1007–1008, 39 L.Ed.2d 260 (1974).

■ Section 812(c) of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3612(c), provides for actual and punitive damages in suits brought by a private party for relief from violations of the Fair Housing Act. If damages are requested in such a suit, the Seventh Amendment guarantees defendant a jury trial on demand. Rogers v. Loether, 312 F.Supp. 1008 (E.D.Wis.1970), rev'd 467 F.2d 1110 (7th Cir. 1972), aff'd sub nom. Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Unlike § 812(c), however, § 813 makes no provision for damages, whether compensatory or punitive in nature. The difference in the language between the two sections, which provide two distinct means of obtaining relief from Fair Housing Act violations, and the difference between the brief requested in *Rogers* and by the Government in this action require different results on the jury trial issue.

The Supreme Court indicated in *Curtis* that neither its prior decisions nor its decision in that case would require a jury trial in an action under Title VIII seeking only injunctive relief, specifically noting that " * * * Title VIII actions seeking only equitable relief will be unaffected * * *" by its decision upholding a jury trial right in an action for damages under § 812, 42 U.S.C. § 3612. Curtis v. Loether, supra, 94 S.Ct. at 1010. This is generally true, no matter what the subject matter of a particular suit may be. Professor Moore, for example, has made the categorical observation that " * * * in an action solely for an injunction there is no right to jury trial." 5 Moore, Federal Practice ¶ 38.24 [1], at 190.1 (2d ed. 1971). See generally United States v. Ellis Research Laboratories, Inc., 300 F.2d 550 (7th Cir. 1962), cert. denied 370 U.S. 918, 82 S.Ct. 1558, 8 L.Ed.2d 499; Adams v. Fazzio Real Estate Co., 268 F.Supp. 630 (E.D.La.1967), aff'd 396 F.2d 146 (5th Cir. 1968); Comment, The Seventh Amendment and the Civil Rights Stat-

1. "In *suits at common law*, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *." U. S. Constitution, Amendment VII. (Emphasis supplied.)

utes, 68 N.W.U.L.Rev. 503, 513 n. 51 (1973).

Should the plaintiff prevail in this action, the relief to be awarded, if any, can only be that which is equitable in nature.

It is therefore ordered that plaintiff's motion to strike defendants' demand for a jury trial be and it hereby is granted.