### INVESTMENT BLDG., Inc., et al. v. FINANCE CO. OF AMERICA AT BALTIMORE.
### No. 7048.

Circuit Court of Appeals, Third Circuit.
June 30, 1939.

Gifford K. Wright, of Pittsburgh, Pa. (Alter, Wright & Barron, of Pittsburgh, Pa., of counsel), for appellants.

E. B. Strassburger and J. Frank McKenna, both of Pittsburgh, Pa. (Strassburger & McKenna, of Pittsburgh, Pa., of counsel), for appellee.

Before BIGGS, CLARK, and BIDDLE, Circuit Judges.

BIGGS, Circuit Judge.

The appellee filed a petition in the court below setting forth that it was the holder and owner of $20,000 face value of bonds issued by Pittsburgh Insurance Exchange, Inc., secured by a deed of trust upon a building owned by Pittsburgh Investment Building Company, adjudicated a bankrupt, and that in accordance with the terms of the plan of reorganization of the bankrupt under a decree of the court below dated December 8, 1934, the appellee is entitled

to receive $2,000 face value of new bonds issued by Investment Building, Inc., in exchange for the bonds of the bankrupt held by the appellee. Investment Building, Inc., was formed to take title to the property of the bankrupt sold pursuant to the plan of reorganization. As we have indicated, on December 8, 1934, the court below entered a decree adjudging a plan of reorganization submitted by the holders of the first mortgage bonds of Pittsburgh Insurance Exchange, Inc., to be fair, equitable and feasible, and in all respects complying with the provisions of Section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. The decree also required that notice of the plan of reorganization be sent within twenty days "* * * to all of the holders of the first mortgage bonds of the Pittsburgh Insurance Exchange, Inc., informing them that they may deposit their bonds with the Committee named in the said plan and may pay to the Committee 3% of the face value of said bonds in cash not more than thirty days after such notice is sent, and that, in the event they fail to deposit their bonds and make the said payment, they shall have only such interest in the benefits as are provided in Article VIII of the said plan."

The court also provided in paragraph 4 of the decree that "March 1, 1935 is hereby fixed as the time prior to which claims and interests of creditors may be filed with the Fidelity Trust Company, Trustee, and thereafter no such claim or interest may participate in the said plan except on order for cause shown. Notice of this date shall be given by the Fidelity Trust Company, Trustee, to all known creditors and claimants *other than the holders of first mortgage bonds of the Pittsburgh Insurance Exchange, Inc.*" We have italicized the words of particular import in the paragraph quoted.

Article VIII of the plan of reorganization provides for the distribution of securities of the new company, Investment Building, Inc. and states that in the event that the bondholders' committee or Investment Building, Inc., was the successful bidder for the property, the holders of bonds secured by the deed of trust should be obligated to take and accept, in lieu of the distribution which might be made to them otherwise, securities of Investment Building, Inc., as follows: "(a) To each bondholder, for bonds deposited with the Committee upon which the sum of $3 per $100

in principal amount has been paid to the Committee, First Mortgage bonds of the New Company equal in principal amount to one-half of the principal amount of bonds so deposited with the Committee, and one share of Common Stock in the New Company for each $100 in principal amount of such bonds so deposited with the Committee. (b) To each bondholder, for bonds which are not so deposited with the Committee and upon which payments have not been made as provided herein, First Mortgage Bonds of the New Company equal in principal amount to one-tenth of the principal amount of the bonds not so deposited with the Committee * * *."

The appellee did not deposit its bonds with the Committee, nor did its predecessors in title.

The appellant, First National Bank at Pittsburgh, is the trustee under the indenture securing the bonds of Investment Building, Inc., the new company. The appellants contend that the decree of the court below approving the plan fixed a time within which the claims of all creditors, including bondholders, should be filed, that notice of the plan of reorganization was sent to all bondholders by the bondholders' committee, and that in view of the fact that neither the appellee nor its predecessors in title deposited the bonds with the committee, despite notice, the appellee is now foreclosed from asserting its right to the new bonds except on order for cause shown. Specifically the appellants contend that since the committee gave notice to the bondholders purportedly in conformity with the decree of December 8, 1934, including the appellee, this imposed upon all bondholders the limitation of the time for the filing of claims set by the court below. The appellants point to the provisions of Section 77B (c) (6) of the Bankruptcy Act, 11 U.S.C.A. § 207 (c) (6), requiring the court to "* * * determine a reasonable time within which the claims and interests of creditors and stockholders may be filed or evidenced and after which no such claim or interest may participate in any plan, except on order for cause shown", and contend that it follows that the decree of December 8, 1934, must be assumed to have imposed this limitation upon the appellee.

The appellee for its part takes the position that by the decree of December 8, 1934, the interests and rights of all the bondholders were definitely fixed and that no time limit was imposed upon bondholders in

which claims were to be filed by them if they were to participate in the benefits of the reorganization. Therefore, says the appellee, it is entitled even at this late date to receive $2,000 face amount of the bonds of Investment Building, Inc., in exchange for $20,000 face amount of the bonds of the bankrupt.

These contentions frame the issues before us. We resolve them as follows:

The court below did fix a time by its decree of December 8, 1934, viz., March 1, 1935, whereby the claims and interests of creditors should be filed and did provide that "* * * thereafter no such claim or interest may participate in the said plan except on order for cause shown." As we have pointed out, however, the same paragraph which contained this provision also provided that notice of the date should be given to all creditors and claimants "* * * other than the holders of the first mortgage bonds * * *".

The learned District Judge referring to paragraph 4 of the decree of December 8, 1934, stated, "In our view this paragraph does not apply to holders of first mortgage bonds, because the order specifically states that no notice is to be given to these bondholders * * *."

■ The provisions of Section 77B do not contemplate the striking down of the rights of creditors without notice. Notice is a very essential feature of the Bankruptcy Act if the rights of creditors are to be limited or curtailed. While it is true that notice was given to the bondholders by the bondholders' committee, the question before us is not the sufficiency of the notice given, but the scope of the decree of December 8, 1934.

■ We think that it was not the intention of the court below to bar the right of bondholders to participate in and receive the benefits of the reorganization unless they filed claims representing their bonds by March 1, 1935. If the District Judge had designed the decree to have such a scope, that portion of it excepting the bondholders from notice would not have been made. Moreover, such a decree would have been plainly improper since it would have curtailed the rights of creditors without notice. We hold therefore, as did the court below, that the decree of December 8, 1934, does not forbid the participation by the appellee in the benefits of the plan of reorganization by exchanging the bonds of the bankrupt for those of the new company.

One further point remains for discussion. It appears from the stipulation as to the facts that the bonds which the appellee seeks to exchange for the bonds of Investment Building, Inc., were originally the property of another, who had pledged them as collateral security for a loan with the Pennsylvania Company for Insurances on Lives and Granting Annuities. The Pennsylvania Company took the bonds as its own property some time before December 3, 1935. Upon February 11, 1938, the appellee purchased the bonds from the Pennsylvania Company and thereafter made demand for the bonds of Investment Building, Inc.[1]

The record before us contains no answer to the appellee's petition though it appears that an answer was filed. The appellee states that in the answer the appellants relied solely upon the alleged time limitation imposed by the provisions of paragraph 4 of the decree of December 8, 1934. This statement is not denied. The stipulation of facts, however, sets forth the manner in which the securities were acquired by the appellee, and that that officer of the appellee who executed the petition sub judice was a member of the bondholders' committee and is also a member of the board of directors of the new company. The stipulation is silent, however, as to the price at which the appellee purchased the bonds from the Pennsylvania Company.

---

[1] Certain inconsistent statements which have no bearing upon the decision of this case are contained in both the appellee's petition and the stipulation as to the facts. Although it is stated in the petition and at one point in the stipulation that the appellee is the holder of bonds of the Pittsburgh Investment Building Corporation, it is clear from a consideration of the stipulation as a whole that the bonds were issued by its predecessor in title, Pittsburgh Insurance Exchange, Inc. It is stated also in the stipulation that notice fixing the time for filing of claims was sent to all holders of the bonds of Pittsburgh Insurance Exchange, Inc., including the appellee, on December 18, 1934, yet it is apparent from the stipulation that the appellee did not purchase the $20,000 face amount of bonds until February 11, 1938. While it is true that the appellee may have possessed bonds other than those in suit and may therefore have received the notice on this account, such facts do not appear from the record.

The appellants now seek to apply the so-called scrutiny clause of Section 77B, viz., subsection (b) of Section 207, Title 11 U.S.C. (11 U.S.C.A. § 207(b), in an endeavor to limit the recovery of the appellee to an amount equal to the consideration paid by it for the bonds of the bankrupt. The application of this clause was apparently sought by the appellants upon oral argument in the court below.

Adjudications in equity must be based upon issues raised by the pleadings upon which evidence has been adduced by the parties. In the case at bar no issue in respect to the application of the scrutiny clause is raised by the pleadings, and there is not sufficient evidence adduced to permit either the court below or ourselves to make an adjudication upon such an issue. We must conclude therefore that the point thus raised is not one of substance.

Accordingly the order of February 21, 1939, is affirmed.

