UNITED STATES of America,
Plaintiff,

v.

PELZER REALTY COMPANY, INC.
and William G. Thames,
Defendants.

Civ. A. No. 3284-N.

United States District Court,
M. D. Alabama, N. D.

June 5, 1974.

Norman P. Goldberg, Atty., Housing Section, Civ. Rights Div., Dep. of Justice, Washington, D. C. and by Ira DeMent, U. S. Atty., Montgomery, Ala., for plaintiff.

James Garrett, Sr., Rushton, Stakely, Johnston & Garrett, P. A., Montgomery, Ala., for defendants.

## ORDER

VARNER, District Judge.

This cause is submitted on remand from the United States Court of Appeals for the Fifth Circuit 484 F.2d 438 reversing the opinion of this Court and finding that the Defendant Thames as an individual and as agent of the Pelzer Realty Company, Inc., his wholly-owned corporation, violated 42 U.S.C. § 3604(1) in that Thames "offered to build identical houses for them (Barnett and Marshall) in another part of town, and when he threatened to force them into litigation before selling the houses" (parenthetical expression added); (2) in that Thames demanded "that Barnett and Marshall find other buyers before they could avoid payment of closing costs;" and (3) in that the Defendants "plac-[ed] 'sold' signs in front of houses in order to foreclose the right of Barnett and Marshall to recontract for the houses."

The Court of Appeals remanded the case to this Court, calling attention to the fact that the parties and the District Court would be able to "work out a decree not inconsistent with this opinion in view of the spirit of compromise and reconciliation" demonstrated by the prayer in the complaint that the Defendants be enjoined to stop "discriminating against any person in relation to the sale of a dwelling on account of race, color, religion, or natural origin," and "that the defendants neutralize whatever may have been the effects of their past noncompliance with the Act." Pursuant to said order, this Court requested suggestions from the parties as to how the remand of the Court of Appeals should be implemented by this Court.

The Government proposed that this Court enter a sweeping injunction requiring that the Defendant Thames abide by the law hereafter and that he require, as a condition to doing business with him, that those doing business with him do numerous things indicating their approval and compliance with the law relating to discrimination in housing. The Defendants insist that no injunction should issue since no prior discrimination was proved and in view of the Defendants' exemplary conduct since this suit was filed.

The Government also contends that damages should be awarded Barnett and Marshall for the effects of the Defendants' past noncompliance with the Act. The Defendants point out that no damages were prayed for or proved in the original proceeding; that, had they been prayed for, the Defendants would have been entitled to and would have sought a jury trial of the issues in the case; and that the Defendants were not called upon to defend against claims for damages. In short, the Defendants contend that, absent pleading and proof thereof,

damages should not be awarded and, further, that insertion of the damage issue subsequent to the trial deprives the Defendants of their right to trial by jury.

The Government relies heavily on United States v. Georgia Power Co., 474 F.2d 906 (5 CA, 1973). That case does not hold, as suggested by the Government, that a person is entitled to damages as a matter of law simply because of a violation of his rights and without pleading or proof of the same. The Court in that case simply held that back wages are equitable relief which a court may consider to compensate a victim of job discrimination, but it specifically holds that such:

> "Back wages are not to be automatically granted whenever a person is ordered reinstated. The wages sought must be 'properly owing to the plaintiffs.' This requires positive proof that plaintiff was ordinarily entitled to the wages in question and, being without fault, would have received them in the ordinary course of things but for the inequitable conduct of the party from whom the wages are claimed."

No such proof was offered in the trial of this case as to any damages. As pointed out by the Court of Appeals:

> "A private suit by Barnett or Marshall would yield nothing to the two men."

The Court of Appeals found that Barnett and Marshall had been treated with discrimination because of their color, but Barnett and Marshall were unable to purchase the homes when Mr. Thames did offer to make the sale. They were, therefore, not financially damaged by the infringement of their rights.

■■ While damages, even nominal damages, are proper relief for a violation of the Act, in the opinion of this Court, an award of damages, where none were prayed for or specifically proved and when the pleadings gave the Defendants no hint that damages were to be litigated so that the Defendants might litigate the issue or consider demanding a jury, would be a strange twist of the law in order to accommodate the Plaintiff.

■ As to the Defendants' right to a jury, where only equitable relief is sought, there is no right to a jury trial, whether the proceeding is under 42 U.S. C. § 3613, United States v. Luebke (D. C.Colo.1972), 345 F.Supp. 179; United States v. Bob Lawrence Realty, Inc. (D. C.Ga.1970), 313 F.Supp. 870; United States v. Reddoch (5 Cir. 1972), 467 F. 2d 897, or whether it is under 42 U.S.C. § 3612, Cauley v. Smith (D.C.Va.1972), 347 F.Supp. 114. However, where damages are sought, there is a right to a jury trial as to that issue, Kelly v. Armbrust (D.C.N.D.1972), 351 F.Supp. 869; Rogers v. Loether (7 Cir. 1972), 467 F. 2d 1110; Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260. Ordinarily, where both damages and equitable relief are involved, the Court would try the equitable issues and the jury, the damage issue. Kelly v. Armbrust, supra. Since no damages were prayed for in this case, no right to a jury trial existed, and, therefore, no jury was requested or impaneled. To allow litigation of the damage issue after the trial offends the Defendants' Seventh Amendment rights to a jury trial. Curtis v. Loether, supra.

■ Independent of the right to a jury trial, other considerations bar the granting of damages at this stage of this proceeding. Rule 54(c) of the Federal Rules of Civil Procedure has been consistently construed to allow a judgment granting relief inconsistent with the pleadings if the party "is entitled" thereto. While this rule has been generally utilized by the courts and implicitly approved, Publishers' Association of New York City v. New York, etc., Printing, etc., Union (D.C.), 246 F.Supp. 293; Rank v. Krug (D.C.Cal.1950), 90 F. Supp. 773; Kahan v. Rosenstiel (3 Cir. 1970), 424 F.2d 161, cert. den., 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290, on remand (D.C.), 315 F.Supp. 1391, the constitutionality thereof under the Due

Process Clause would be questionable, in the mind of this Court, if it were construed to allow a plaintiff to surprise a defendant and obtain relief under a claim the defendant had not been called upon to defend. While the judgment may afford relief not prayed for, it must conform to the pleadings and the proof. Wire Tie Mach. Co. v. Pacific Box Corp. (9 Cir.), 102 F.2d 543, affm'd, 107 F.2d 54; Investment Bldg. v. Finance Co. of America, (3 Cir.), 105 F.2d 345. While allegations of damages do not constitute the cause of action, they are essential in a bill of complaint. Wright v. Brush (10 Cir.), 115 F.2d 265; Nester v. Western Union T. Co. (D.C.), 25 F.Supp. 478, affm'd (9 Cir.), 106 F.2d 587, cert. granted, 309 U.S. 643, 60 S.Ct. 468, 84 L.Ed. 997.

■ The Government's attempt to equate the claim for damages under Title VIII with the claim for back pay under Title VII and to insist that both are, therefore, equitable is frivolous in the light of the Supreme Court's language comparing Title VII cases with Title VIII cases in Curtis v. Loether, supra, 415 U.S. at page 197, 94 S.Ct. at page 1010, as follows:

"In Title VII cases, also, the Courts have relied on the fact that the decision whether to award back pay is committed to the discretion of the trial judge. There is no comparable discretion here: if a plaintiff proves unlawful discrimination and actual damage, he is entitled to judgment for that amount. . . . Whatever may be the merit of 'equitable' characterization in the Title VII cases, there is surely no basis for characterizing the award of compensatory and punitive damages here as equitable relief." Citing The Seventh Amendment and Civil Rights Statutes, 68 Nw.U.L.R. 503, 524–527.

The Supreme Court, implying that the characterization of back pay as equitable relief is of questionable "merit", absolutely refused to consider damages as such.

■ Alabama law is also to the effect that damages, neither pleaded nor proved, are not within the relief which may be awarded by a court. AGM Drug Co. of Ala. v. Dobbs, 277 Ala. 493, 172 So.2d 379 (1965); McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Majors v. Killian, 230 Ala. 531, 162 So. 289.

■ Principles of res judicata and collateral estoppel are well-recognized, judicially-developed restrictions invoked in the name of public policy and requiring that a litigant be given only one day in court. Hooper v. United States, 326 F.2d 982, 164 Ct.Cl. 151, cert. den., 377 U.S. 977, 84 S.Ct. 1882, 12 L.Ed.2d 746. The statute of limitations suggests further questions why the Government may not now insert the issue of damages in this case.

This Court is, therefore, of the opinion that the Plaintiff in this cause is not entitled to damages at the hands of this Court.

■ This Court is concerned that its jurisdiction may be limited in requiring that "Defendants neutralize whatever may have been the effects of their past non-compliance with the Act." However, it does appear that the Plaintiff and those in concert with them have been well rewarded by the order of the Court of Appeals, as well as by the actions of the Defendants in conforming with the Act since the filing of this lawsuit. As pointed out in United States v. Hunter (4 Cir. 1972), 459 F.2d 205, a declaratory judgment alone may constitute appropriate relief in discrimination cases. That case also is authority that denial of an injunction is a proper exercise of a trial court's discretion where there is no reason to believe that the defendant will intentionally violate the requirements of nondiscriminatory housing practices thereafter. However, the "spirit of compromise and reconciliation" of the parties as indicated by the softness of the prayer for relief in this case convinces this Court that an injunction would not be inappropriate. Accordingly, it is hereby

Ordered, adjudged and decreed by this Court that the Defendants, their officers, agents, employees, and successors, be, and each of them is hereby, permanently enjoined from discriminating against any person in relation to the sale of a dwelling on account of race, color, religion or natural origin.