**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**PELZER REALTY COMPANY, INC.
and William G. Thames,
Defendants-Appellees.**

No. 74–3085.

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1976.

Ira De Ment, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., Frank E. Schwelb, Norman P. Goldberg, Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

James W. Garrett, Charles A. Stakely, Jr., Montgomery, Ala., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN and THORNBERRY,* Circuit Judges.

PER CURIAM:

This case comes to us on appeal once again after our original remand to the District Court with instructions that the Court grant plaintiffs both injunctive relief against future acts of discrimination and relief neutralizing past acts of noncompliance by defendant Pelzer. *United States v. Pelzer Realty Company,* 5 Cir., 1973, 484 F.2d 438, 446, *cert. denied,* 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286.[1] On remand the District Judge granted a permanent prohibitory injunction against Pelzer and its agents.[2] *United States v. Pelzer Realty Company,* M.D.Ala., 1974, 377 F.Supp. 121, 125. We affirm.

### The First Round

The Government brought this civil action in 1971 against Pelzer Realty and its president, William G. Thames, charging defend-

---

* Judge Thornberry was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. The relief requested by the government in this case is really very limited. To demand that the defendants stop "discriminating against any person in relation to the sale of a dwelling on account of race, color, religion, or natural origin" is asking nothing more than that they comply with the law as it has been enacted by Congress. The second prong of the relief is nothing more than a demand that the

defendants neutralize whatever may have been the effects of their past noncompliance with the Act. Even Mr. Thames testified that he was not sure whether he had discriminated against blacks in the past. We are sure that in this spirit of compromise and reconciliation, the parties and the district court will be able to work out a decree not inconsistent with this opinion.

484 F.2d at 446.

2. Pelzer homes are apparently presently being sold by Blitz and Golinsky, Inc.

ants with violating Title VIII of the Civil Rights Act of 1968, 42 U.S.C.A. § 3601 *et seq.* The complaint alleged that Pelzer and Thames discriminated against blacks in the terms and conditions of the sale of homes. The District Court found that no discrimination was shown and therefore dismissed the complaint. We reversed on the basis of our finding that Pelzer and Thames did refuse to sell homes to black applicants. *Pelzer, supra,* 484 F.2d at 440. We therefore found that the evidence established a pattern or practice of resistance under 42 U.S.C.A. § 3613.[3] *Pelzer, supra,* 484 F.2d at 445.

### On Remand

On remand the Government requested that the District Court enter an order enjoining discriminatory conduct in regard to housing, requiring defendants to implement an affirmative action program, and awarding $1,000 to each of the two individuals injured by defendants' discriminatory conduct.[4] Pelzer responded to the Government's request for relief by claiming that it had sold at least 16 homes to blacks prior to May 23, 1974 (the date Pelzer's response was filed), that no injunction was necessary because there was no proof of past discrimination, and that the plaintiff could not be awarded damages without a jury trial.[5]

The District Court refused to enter what it termed the "sweeping injunction" requested by the Government, which would encompass an affirmative action program, but the Court did order that

the Defendants, their officers, agents, employees, and successors, be, and each of them is hereby, permanently enjoined from discriminating against any person in relation to the sale of a dwelling on account of race, color, religion or natural origin.

377 F.Supp. at 125.

To the request for money damages for the injured parties the Court concluded that damages were neither pleaded nor proved by the Government,[6] and that defendants had no opportunity to seek a jury trial as to the damage issue. Therefore, the District Court found that the plaintiffs were "not entitled to damages at the hands of this Court." *Pelzer, supra,* 377 F.Supp. at 124.

---

**3.** Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, he may bring a civil action in any appropriate United States district court by filing with it a complaint setting forth the facts and requesting such preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for such pattern or practice or denial of rights, as he deems necessary to insure the full enjoyment of the rights granted by this subchapter. 42 U.S.C.A. § 3613.

**4.** Accordingly, plaintiff hereby moves the Court to enter an appropriate order:
1. Enjoining defendants from engaging in any conduct which has the purpose or effect of denying equal housing opportunity to any person on account of race or color or of perpetuating or promoting racial segregation in housing;
2. Requiring defendants to implement an affirmative program of compliance with the Fair Housing Act in order to correct the effects of their past discriminatory practices and to insure that in the future all dwellings constructed for the purpose of sale, listed, or otherwise acquired for the purpose of sale by defendants will be made available for inspection and sale without regard to race or color;
3. Requiring defendants to restore Mr. Arthur D. Barnett and Mr. Nexton Marshall to the position each would have occupied had no discrimination occurred by paying to each of them the sum of one-thousand dollars ($1,000.00) plus the amount of actual losses incurred by each as a result of the discriminatory conduct. R. 11-12.

**5.** App. at 13-18.

**6.** Although the Government's complaint filed March 12, 1971, requested only injunctive relief and "such additional relief as the interest of justice may require," App. at 8, the Government's pretrial order, proposed after the pretrial conference held September 10, 1971, requests that defendants "place all persons who have been discriminated against on account of race or color in the same place that they would have been had no discrimination occurred * * * at least to the extent that actual losses can be proven." App. at 103.

## Our Second Round

On appeal Pelzer has again argued that Pelzer homes have continued, as always, to be sold on a nondiscriminatory basis, Pelzer Realty Co. is no longer doing business, and both Thames and Pelzer Homes are participating in the Department of Housing and Urban Development (H.U.D.) Affirmative Marketing Plan.[7] Although the Government claims that evidence of Pelzer's participation in the H.U.D. program is outside of the record,[8] and that Thames made no mention of the program in his deposition taken by the government May 15, 1974, the Government has stated that it would be satisfied with an injunction similar to the affirmative action program.[9]

■ At oral argument this Court asked the Government to submit a proposed order for the District Court to enter, and Pelzer was encouraged to respond to the Government's proposal. While we appreciate fully the efforts of the Government and the criticism of counsel for Pelzer, on further consideration we conclude that the injunction entered by the District Court is in this case sufficient. That injunction permanently prohibits discrimination in the sale of homes by Pelzer or its employees or agents. The present injunction is sufficient to assure that contempt will be a ready weapon in case of violation by any of the covered parties. We are confident that the combination of the injunction and the involvement by Pelzer in the comprehensive H.U.D. program, which requires, among other things, the filing of monthly sales reports, will assure prospective home purchasers of future nondiscriminatory conduct by defendants. If this prediction does not materialize the District Court in this very case has the powerful sanction of contempt at its disposal.

■ As to the question of damages, because we find that there was no proof offered below as to the actual damages suffered by those against whom the defendants discriminated, we decline to decide whether, in a suit by the United States under § 3613, damages can be ordered by the Court alone or even with a jury.[10] The Government faintly suggests that it entered so very little evidence on the question of damages because it expected that a subsequent evidentiary hearing would be held. Perhaps this was a misunderstanding on the Government's part since the trial court's action reflects the view that the case was ripe for decision. In any event we conclude that on this record there is no basis for questioning the District Court's refusal to award damages.

AFFIRMED.

---

7. Pelzer's submitted plan was approved by H.U.D. as of February 15, 1973 and requires the submission of monthly sales reports.

8. The terms of the Plan are included in the appendix to Pelzer's brief on appeal, and this affirmative action by Pelzer is to be made a part of the record in the District Court on remand.

9. Govt. Brf. at 5.

10. The Supreme Court has held that in a private action brought under § 3612 of the Fair Housing Act, the Seventh Amendment requires a right to trial by jury on the issue of damages. *Curtis v. Loether*, 1974, 415 U.S. 189, 191, 94 S.Ct. 1005, 1006, 39 L.Ed.2d 260, 264.

The Fourth Circuit recently held that in a suit by the Government under § 3613, monetary damages may not be awarded to the individual victims of housing discrimination. *United States v. Long*, 4 Cir., 1975, 537 F.2d 1151 at 1153, 1155 [No. 74–1398], *rev'g*, D.S.C., 1974, P–H E.O.H. Rptr., ¶ 13,631.

We intimate no opinion on the question of the award of damages nor on the issue of jury trial.