Abdul NUR; Jacqueline Mitchell; Mike Keen; and Gini Burns, Plaintiffs,

v.

BLAKE DEVELOPMENT CORP.; Rudy Buechler, Managing Agent; and Becky Faulkner, Consultant, Defendants.

No. S85–147.

United States District Court, N.D. Indiana, South Bend Division.

Feb. 6, 1987.

John J. Roper, South Bend, Ind., for plaintiffs.

Joseph T. Helling, South Bend, Ind., for defendants.

**MEMORANDUM and ORDER**

MILLER, District Judge.

This cause comes before the court on the defendants' motion to dismiss the complaint as against plaintiffs Mike Keen and Gini Burns. Alternatively, the defendants seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The matter has been fully briefed and is ripe for decision.

**I.**

The parties have presented, and the court will consider, matters outside the pleadings. Accordingly, the court shall treat the defendants' motion as one for summary judgment. Fed.R.Civ.P. 12(b).

**(A)**

In a summary judgment motion, the movant must first demonstrate, by way of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that (1) no genuine issues of material fact exist for trial, and (2) the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Munson v. Friske,* 754 F.2d 683 (7th Cir.1985). If the motion's opponent would bear the burden of proof at trial on the matter that forms the basis of the summary judgment motion, the burden of proof shifts to the motion's opponent if the movant makes its initial showing, and the motion's opponent must come forth and produce affidavits, depositions, or other admissible documentation to show what facts are actually in dispute. *Celotex Corp. v. Catrett,* 106 S.Ct. at 2548; *Klein v. Trustees of Indiana University,* 766 F.2d 275, 283 (7th Cir.1985). Summary judgment should be granted only if no reasonable jury could return a verdict for the motion's opponent. *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260 (7th Cir. 1986); *Munson,* 754 F.2d at 690; *Weit v. Continental Illinois National Bank &*

*Trust Co.*, 641 F.2d 457, 461 (7th Cir.1981), *cert. denied* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982).

When the parties do not dispute the factual basis of a motion for summary judgment, the reviewing court's only inquiry is whether judgment should issue as a matter of law. The burden of proof on this matter rests with the moving party.

When the parties dispute the facts, the parties must produce proper documentary evidence to support their contentions. The parties cannot rest on mere allegations in the pleadings, *Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); or upon conclusory statements in affidavits. *First Commodity Traders v. Heinold Commodities*, 766 F.2d 1007, 1011 (7th Cir.1983); *Hall v. Printing and Graphics Art Union*, 696 F.2d 494, 500 (7th Cir.1982). Any permissible reasonable inferences from the documentary evidence must be viewed in the light most favorable to the non-moving party. *Matsushita Electronics Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Munson*, 754 F.2d at 690; *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir.1972). A party need not try its case by affidavit, but it must set forth some facts from which the court can reasonably infer that the party would be able to produce some evidence at trial to support its theory. *Matter of Morris Paint and Varnish Co.*, 773 F.2d 130 (7th Cir.1985).

The defendants' summary judgment motion must be addressed with these standards in mind.

### (B)

Mike Keen and Gini Burns, who are Caucasian, were employed as "testers" by the South Bend Human Rights Commission. "Testers", for these purposes, are "individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful steering practices". *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S.Ct. 1114, 1121, 71 L.Ed.2d 214 (1982).

On September 19, 1984, plaintiff Abdul Nur, a black tester, went to the offices of the defendant Blake Development Corporation in South Bend, Indiana and inquired into the availability of apartments. The inquiry was directed to defendant Rudy Buechler, who told Mr. Nur that no rentals were available, but condominiums were available for sale.[1] Earlier that day, Mr. Keen had made a similar inquiry at Blake Development's office, and his inquiry was also directed to defendant Rudy Buechler, who told Mr. Keen that a one-bedroom apartment was available.[2]

On December 12, 1984, plaintiff Jackie Mitchell, a black tester, inquired at the Blake Development office into the availability of a one-bedroom apartment to rent. Defendant Becky Faulkner told Ms. Mitchell that the condominiums were no longer for rent, but could be purchased.[3] Earlier that day, Ms. Burns inquired at Blake Development's office about renting a one-bedroom apartment; Ms. Faulkner told Ms. Burns no one-bedroom apartments were then available, but that the condominiums were available for sale. Expressing no interest in a condominium purchase, Ms. Burns pursued her inquiry about rentals and Ms. Faulkner stated that a one-bedroom apartment rental might be available within four to six months. Ms. Faulkner gave Ms. Burns an application, a floor plan, and a business card, and invited her to call back later.[4] These are the facts upon which the plaintiffs base their cause of action.

Mr. Keen and Ms. Burns allege that Blake Development, by and through its

---

1. Deposition of Abdul Nur, pp. 19–25.

2. Deposition of Mike Keen, pp. 16–17.

3. Deposition of Jacqueline Mitchell, p. 11.

4. Deposition of Virginia Burns, p. 19–20.

agents Rudy Buechler and Becky Faulkner, engaged in discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3604, and the Civil Rights Act of 1866, 42 U.S.C. § 1982, and that those practices were willful and malicious. Mr. Keen and Ms. Burns do not allege that such practices were directed against them personally, but contend that:

> [They] have suffered emotional distress, loss of personal esteem, humiliation, great embarrassment, and subjective pain and suffering upon discovering that other members of their own race were engaging in the prohibited discriminatory conduct because they strongly believe in equal opportunity for all ...

Complaint, paragraph 17. The affidavits of Mr. Keen and Ms. Burns, which affidavits were submitted in response to the defendants' motion, reiterate these allegations. No other injury has been alleged.

The defendants contend that Mr. Keen and Ms. Burns lack standing, either in their capacity as "testers" or as third-party plaintiffs, to bring an action under the Fair Housing Act or the Civil Rights Act of 1866, and that dismissal and/or summary judgment is therefore appropriate. The defendants have submitted the plaintiffs' depositions in support of their motion.

## II.

Standing under 42 U.S.C. § 3612 was intended to extend to the full limits of Article III of the United States Constitution, and, accordingly, judicially-created prudential barriers to standing do not apply. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372, 102 S.Ct. 1114, 1120, 71 L.Ed.2d 214 (1982); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 103 n. 9, 99 S.Ct. 1601, 1609 n. 9, 60 L.Ed.2d 66 (1979). The constitutional limits to standing, however, remain the same: plaintiffs must allege a "distinct and palpable injury", *Havens Realty Corp. v. Coleman*, 455 U.S. at 372, 102 S.Ct. at 1121; *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. at 100, 99 S.Ct. at 1608; *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), that is "fairly traceable

to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief". *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984), citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); see also *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1921, 1925, 48 L.Ed.2d 450 (1976).

The defendants' motion questions whether Mr. Keen and Ms. Burns have alleged sufficient facts to demonstrate a "distinct and palpable injury". An "abstract", "conjectural" or "hypothetical" injury will not suffice. *Allen v. Wright*, 468 U.S. at 751, 104 S.Ct. at 3324, citing *Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

In *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972), the Supreme Court established the right of a non-minority to initiate a suit under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* It is unclear from Mr. Keen and Ms. Burns' response to the summary judgment motion whether they assert standing in their capacities as "testers" or as third-party plaintiffs. These concepts have been distinguished as follows:

> [The] concept of "neighborhood" standing differs from that of "tester" standing in that the injury asserted is an indirect one: an adverse impact on the neighborhood in which the plaintiff resides resulting from the steering of persons other than the plaintiff. By contrast, the injury underlying tester standing—the denial of the tester's own statutory right to truthful housing information caused by misrepresentations to the tester—is a direct one.

*Havens Realty Corp. v. Coleman*, 455 U.S. at 375, 102 S.Ct. at 1122 citing *Duke Power Company v. Carolina Environmental Study Group*, 438 U.S. 59, 80–81, 98 S.Ct. 2620, 2634, 57 L.Ed.2d 595 (1978). Mr.

Keen and Ms. Burns have replaced the concept of "neighborhood" standing with a much broader concept of "white individuals who strongly believe in equal opportunity".

(A)

■ Tester standing is based on a direct injury to a statutory right. *Havens Realty Corp. v. Coleman,* 455 U.S. at 373, 375, 102 S.Ct. at 1121, 1122; *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Mr. Keen and Ms. Burns assert standing due to the purported invasion of rights created by 42 U.S.C. § 3604(a), (b), (c) and (d). Section 3604 provides that it shall be unlawful:

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith because of race, color, religion, sex, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, or national origin, or an intention to make any such preference, limitation, or discrimination.

(d) To represent to any person because of race, color, religion, sex, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available ...

While the plaintiffs' complaint contains serious allegations against the defendants, it alleges no facts that would constitute a violation of § 3604(a), (b), (c) or (d). Neither Mr. Keen nor Ms. Burns allege facts which, if true, would demonstrate that the defendants refused to sell or rent a dwell-

ing to them after the making of a bona fide offer, or otherwise denied or made unavailable a dwelling because of their race or color, 42 U.S.C. § 3604(a); that the defendants discriminated against them in the terms, conditions or privileges of sale or rental of a dwelling, or in the provisions of services and facilities because of their race or color, 42 U.S.C. § 3604(b); that the defendants made, printed or published a notice, statement, or advertisement that indicated any preference, limitation or discrimination with respect to the sale or rental of a dwelling based on race or color, 42 U.S.C. § 3604(c) [5]; or that the defendants represented to them that an available dwelling was unavailable. 42 U.S.C. § 3604(d).

The defendants have met their initial burden under *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden, therefore, shifts to the plaintiffs to produce proper documentary evidence to support their contentions. *Celotex Corp. v. Catrett,* 106 S.Ct. at 2548; *Klein v. Trustees of Indiana University,* 766 F.2d 275, 283 (7th Cir.1985). Mr. Keen and Ms. Burns can rest neither upon the mere allegations of their complaint, *Posey v. Skyline Corp.,* 702 F.2d 102 (7th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), nor upon conclusory statements made in their affidavits. *First Commodity Traders v. Heinold Commodities,* 766 F.2d 1007, 1011 (7th Cir.1983); *Hall v. Printing and Graphics Art Union,* 696 F.2d 494, 500 (7th Cir.1982).

■ Mr. Keen and Ms. Burns have failed to meet the burden placed upon them. They have failed to demonstrate or allege factually that the defendants violated rights accorded to Mr. Keen and Ms. Burns under § 3604. Mr. Keen and Ms. Burns, therefore, lack standing to sue in their capacity as "testers". See *Havens Realty Corp. v. Coleman,* 455 U.S. at 374–75, 102 S.Ct. at 1121–22. To the extent Mr. Keen and Ms. Burns assert standing as "testers", the defendants are entitled to summa-

**5.** Hon. Allen Sharp dismissed the plaintiffs' claims under 42 U.S.C. § 3604(c) on July 13, 1985. The plaintiffs' amended complaint, filed July 31, 1986, merely reiterates the original complaint's conclusory allegations as to purported violations of § 3604(c). Those claims are the subject of a pending motion to strike.

ry judgment on the claim under 42 U.S.C. § 3612.

### (B)

■ While "tester" standing is based upon a direct injury, "neighborhood", or third-party, standing is based upon indirect injury. *Havens Realty Corp. v. Coleman*, 455 U.S. at 375, 102 S.Ct. at 1122. The inquiry focuses, not upon whose § 3604 rights were violated, but rather upon whether the plaintiffs were genuinely injured by conduct that violated somebody's § 3604 rights; if they were so injured, the plaintiffs have standing to bring suit under § 3612. *Id.* at 376 n. 16, 102 S.Ct. at 1123 n. 16; *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. at 103 n. 9, 99 S.Ct. at 1609 n. 9. For third-party standing, Mr. Keen and Ms. Burns must meet the constitutional minimum requirement of demonstrating a distinct and palpable injury that is fairly traceable to the challenged conduct and likely to be redressed by the relief requested. *Allen v. Wright*, 468 U.S. at 751; *Havens Realty Corp. v. Coleman*, 455 U.S. at 372; *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. at 100, 99 S.Ct. at 1608; *Warth v. Seldin*, 422 U.S. at 501.

■ The Supreme Court has held that deprivation of the benefits derived from interracial associations is an injury in fact sufficient to give rise to constitutional standing. *Havens Realty Corp. v. Coleman*, 455 U.S. at 376, 102 S.Ct. at 1122; *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. at 111–12, 115, 99 S.Ct. at 1613–14, 1615; *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. at 210, 93 S.Ct. at 367. Mr. Keen and Ms. Burns have not alleged that injury, however. Instead, they allege that they have suffered "emotional distress, loss of personal esteem, humiliation, great embarrassment, and subjective pain and suffering" as a result of their discovery "that other members of their own race were engaging in the prohibited discriminatory conduct". (Complaint, paragraph 17.) Their affidavits indicate that this discovery was not made until after the South Bend Human Rights Commission's study was completed, when they learned of Mr. Nur's and Ms. Mitchell's experiences with the defendants.[6]

In *Heckler v. Mathews*, 465 U.S. 728, 739–40, 104 S.Ct. 1387, 1395, 79 L.Ed.2d 646 (1984), the Supreme Court wrote:

> [D]iscrimination itself, by perpetuating "archaic and stereotypic notions" or by stigmatizing members of the disfavored group as "innately inferior" and therefore as less worthy participants in the political community, *Mississippi University for Women v. Hogan*, 458 U.S. 718, 725 [102 S.Ct. 3331, 3336, 73 L.Ed.2d 1090] (1982), can cause serious noneconomic injuries to those persons who are personally denied equal treatment solely because of their membership in a disfavored group.

465 U.S. 728, 739–40, 104 S.Ct. 1387, 1395 (1984). The Supreme Court has been consistent in holding that stigmatic, noneconomic injuries, such as those Mr. Keen and Ms. Burns suffered, accord a basis for standing only to "those persons who are personally denied equal treatment" by the challenged discriminatory conduct. *Allen v. Wright*, 468 U.S. 737, 755, 104 S.Ct. 3315, 3326, 82 L.Ed.2d 556 (1984), *quoting Heckler v. Mathews*, 465 U.S. at 739–40, 104 S.Ct. at 1395; see also, *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. at 109–14, 99 S.Ct. at 1612–15; *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. at 208, 93 S.Ct. at 366; *Sierra Club v. Morton*, 405 U.S. 727, 734–35, 92 S.Ct. 1361, 1365–66, 31 L.Ed.2d 636 (1972).

Mr. Keen and Ms. Burns present no factual allegations from which the court could infer that either of them was personally subjected to the defendants' discriminatory practices. Their injuries could be common to all white persons, regardless of where they reside. A white person in California who reads or hears about the defendants' treatment of Mr. Nur and Ms. Mitchell could have equal standing to bring suit

---

**6.** Affidavit of Mike Keen, p. 2; Affidavit of Gini Burns, p. 2.

against these defendants under the Fair Housing Act.

> Recognition of standing in such circumstances would transform the federal courts into "no more than a vehicle for the vindication of the value interests of concerned bystanders". *United States v. SCRAP*, 412 U.S. 669, 687 [93 S.Ct. 2405, 2416, 37 L.Ed.2d 254] (1973). Constitutional limits on the role of the federal courts preclude such a transformation.

*Allen v. Wright*, 468 U.S. at 756, 104 S.Ct. at 3327.

■ Mr. Keen and Ms. Burns have not presented sufficient factual averments to demonstrate a distinct and palpable injury which is "fairly traceable" to the challenged discriminatory practices. Accordingly, to the extent they assert standing under a third-party "neighborhood" theory, the defendants are entitled to summary judgment on their claim under 42 U.S.C. § 3612.

### III.

■ The plaintiffs also claim that the defendants violated the Civil Rights Act of 1866, 42 U.S.C. § 1982, which provides:

> All citizens of the United States shall have the same right, in every state and territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property.

To establish a prima facie case under § 1982, the plaintiffs must show:

> (1) that they are members of a racial minority;

> (2) that they applied for and were qualified to rent or purchase certain property or housing;

> (3) that they were rejected; and

> (4) that the housing or rental opportunity remained available thereafter.

*Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir.1980); see also, *Wharton v. Knefel*, 562 F.2d 550, 553–56 (8th Cir.1977); *Smith v. Anchor Building*

*Corp.*, 536 F.2d 231, 233 (8th Cir.1976); *Williams v. Matthews Co.*, 499 F.2d 819, 826 (8th Cir.), *cert. denied* 419 U.S. 1021, 95 S.Ct. 495, 42 L.Ed.2d 294 (1974).

The defendants contend that because Mr. Keen and Ms. Burns are white, they lack standing to bring an action under 42 U.S.C. § 1982. Mr. Keen and Ms. Burns did not address the issue of standing under § 1982 in their responses to the summary judgment motion.

■ The Third and Eleventh Circuit Courts of Appeal have held that a "tester" may have standing to bring a § 1982 action even if he or she was motivated solely by the desire to challenge the legality of allegedly discriminatory practices. *Watts v. Boyd Properties, Inc.*, 758 F.2d 1482 (11th Cir.1985), *rev'g Metro Fair Housing Services, Inc. v. Morrowood Garden Apartments Ltd.*, 576 F.Supp. 1090 (N.D.Ga. 1983)[7]; *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894 (3rd Cir.1977). Each of those cases, however, involved a black tester who had personally been subjected to the type of discriminatory practices that are prohibited under both the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1982.

Mr. Keen and Ms. Burns must fail in their § 1982 claim on two counts. First, they are not members of a racial minority. Second, they have not presented factual allegations which, if true, would demonstrate rejection of their housing requests when housing was available from the defendants.

### IV.

Based on the amended complaint and the record that has been developed in the nearly two years in which this suit has been filed, Mr. Keen and Ms. Burns lack standing, under any theory, to sue under the Fair Housing Act. They also lack standing to maintain a claim under 42 U.S.C. § 1982. The defendants' motion for summary judgment should be granted as to their claims.

---

7. The defendants directed the court's attention to the district court opinion in the *Morrowood Garden* case. The court notes that the Eleventh Circuit reversed the district court opinion on appeal.

Accordingly, the defendants' motion for summary judgment as against plaintiffs Mike Keen and Gini Burns is hereby GRANTED.

SO ORDERED.