**Abdul NUR, et al., Plaintiffs,**

**v.**

**BLAKE DEVELOPMENT CORP., et al., Defendants.**

**Cause No. S85–147.**

United States District Court,
N.D. Indiana,
South Bend Division.

May 29, 1987.

John J. Roper, South Bend, Ind., for plaintiffs.

Joseph T. Helling, South Bend, Ind., for defendants.

### MEMORANDUM AND ORDER

MILLER, District Judge.

#### I.

This cause comes before the court on the following motions: plaintiff Abdul Nur's

renewed application to proceed *in forma pauperis;* plaintiffs' petition for a Rule 16(c)(10) conference; plaintiffs' motion to dismiss their claim under 42 U.S.C. § 1982; defendants' request for jury trial; and defendants' request for protective order.

## II.

### A. The Application to Proceed In Forma Pauperis

■ This is Mr. Nur's second application to proceed *in forma pauperis.* The court denied his first application on February 11, 1987, with leave to refile. Mr. Nur filed his second application on April 13, 1987 maintaining that he has insufficient funds to pay the costs of this litigation, specifically the plaintiffs' witness fees and travel expenses. In support of his application, Mr. Nur has submitted a sworn statement to the effect that he is employed for ten hours per week and earns $4.50 an hour. Attached to Mr. Nur's application, and incorporated by reference therein, is a statement of co-plaintiff Jacqueline Mitchell's financial status, showing that Ms. Mitchell earns approximately $1,500.00 per month, and that she is not the sole support of her household.

As previously noted, Mr. Nur and Ms. Mitchell are co-plaintiffs. Ms. Mitchell's funds must therefore be considered by the court in ruling on the application to proceed *in forma pauperis.* The court finds that the plaintiffs' aggregate funds are sufficient to pay the costs of this action, including the plaintiffs' witness fees and travel expenses. Accordingly, Mr. Nur's second application to proceed *in forma pauperis* is hereby DENIED.

### B. Petition for Rule 16(c)(10) Conference

The plaintiffs' motion for a second Rule 16(c)(10) conference was premised on the court's granting of Mr. Nur's application to proceed *in forma pauperis,* but that application is denied. Any questions which the parties may have related to the conduct of trial and presentation of witnesses would more properly be addressed at the pretrial conference presently scheduled for June 9, 1987. The petition for a Rule 16(c)(10) conference is therefore DENIED.

### C. Plaintiffs' Motion to Dismiss 42 U.S.C. § 1982 Claim

■ On February 17, 1987, the defendants filed a request for trial by jury on all disputed issues of fact. In response to the defendants' request for jury trial, the plaintiffs have moved to dismiss their claim under 42 U.S.C. § 1982. The plaintiffs state as grounds for such motion that they "wish to save the Court time and administrative expense of a jury trial and because Plaintiffs can proceed with their claims with a bench trial on 42 USC 3601, et seq.". For reasons which are more thoroughly discussed under subsection (D) below, the court finds that the deletion of the plaintiffs' claim under § 1982 will not, in and of itself, result in a denial of the defendants' request for trial by jury. Accordingly, the plaintiffs' motion to dismiss is DENIED, with leave to reassert the same on grounds other than those stated in the present motion.

### D. Defendants' Request for Jury Trial

The plaintiffs allege violations of 42 U.S.C. § 1982 and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* for which they seek both compensatory and punitive damages and equitable relief in the form of a permanent injunction. The defendants have requested a trial by jury on these issues.

■ "Under prevailing Seventh Amendment doctrine, issues legal in nature are triable by jury of right, while those equitable in nature are not." *Stoutmire v. Strickland,* 599 F.Supp. 314, 316 (N.D.Ill. 1984), citing *Ross v. Bernhard,* 396 U.S. 531, 533, 90 S.Ct. 733, 735, 24 L.Ed.2d 729 (1970). An action for damages under the Fair Housing Act, 42 U.S.C. § 3612, is considered "an action to enforce 'legal rights' within the meaning of [the Supreme Court's] Seventh Amendment decision". *Curtis v. Loether,* 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). The plaintiffs have, in addition to the equitable relief requested, asserted an action

for damages. Accordingly, the defendants are entitled to a jury trial on the issues presented by the plaintiffs' claim for damages. *Curtis v. Loether,* 415 U.S. 189, 191–198, 94 S.Ct. 1005, 1006–1010, 39 L.Ed.2d 260 (1974). "To the extent [the plaintiffs] seek permanent injunctive relief under [the Fair Housing] Act § 3612 and Section 1982, those equitable-relief issues are not jury-triable." *Stoutmire v. Strickland,* 599 F.Supp 314, 316 (N.D.Ill.1984); see also *Curtis v. Loether,* 415 U.S. at 198, 94 S.Ct. at 1010; *United States v. Pelzer Realty Co., Inc.,* 377 F.Supp. 121, 123 (M.D.Ala.1974), *aff'd* 537 F.2d 841 (5th Cir. 1976). The defendants' request for jury trial is accordingly GRANTED with respect to the claim for damages, and DENIED with respect to the claim for equitable relief.

This cause was originally scheduled for a two-day bench trial beginning June 18, 1987. The court would anticipate, however, that the defendants' request for a jury demand will increase the estimated length of trial. Accordingly, the pretrial conference presently scheduled for June 9, 1987 at 9:00 a.m. will be converted to a scheduling conference for the purpose of selecting a new trial date.

### E. The Defendants' Request for Protective Order

Discovery disputes have inundated this cause. The plaintiffs have requested the court's assistance in obtaining discovery on at least three occasions, and twice have been granted such relief. (See, plaintiffs' motions to compel filed March 12, 1986, June 13, 1986 and October 1, 1986; and orders dated July 18, 1986, October 27, 1986 and February 5, 1987, 655 F.Supp. 158).

■ On March 17, 1987, the defendants requested a protective order, seeking an indefinite extension of time within which to respond to certain interrogatories propounded by the plaintiffs. Those interrogatories basically seek information about the defendants' answers to the amended complaint and their defenses thereto. The defendants maintain that the plaintiffs "have

not disclosed the facts upon which they base their allegations" and that "[i]t is virtually impossible for the defendants to answer questions regarding how they will prove they did not do an act, without knowledge of what the act is". (Defendants' Request for Protective Order, ¶¶ 3 and 4).

The defendants' opposition to the plaintiffs' discovery request is unjustified and without merit. The amended complaint, filed on July 31, 1986, sets out in great detail the facts upon which the plaintiffs base their allegations. The defendants have ample information before them to address the questions propounded by the plaintiffs in their interrogatories. The defendants' request for protective order is, accordingly, DENIED.

### III.

A. Plaintiff Abdul Nur's second application to proceed *in forma pauperis* is DENIED;

B. The plaintiffs' petition for a second Rule 16(c)(10) conference is DENIED;

C. The plaintiffs' motion to dismiss their 42 U.S.C. § 1982 claim is DENIED, with leave to refile;

D. The defendants' request for jury trial is GRANTED, and the pretrial conference scheduled for June 9, 1987 at 9:00 a.m. is hereby converted to a status conference for the purpose of selecting a new trial date; and,

E. The defendants' request for protective order is DENIED.

SO ORDERED.